## BROYLES *v.* THE STATE, EX REL. DELONG.

EVIDENCE.—A judgment will not be reversed because of the admission of irrelevant evidence harmless in its character.

SAME.—It is error to admit evidence that a party to a suit was silent when his adversary testified to certain facts prejudicial to him on a former trial. No presumption of acquiescence arises from silence under such circumstances,

because the party affected is not at liberty to dispute or contradict the statements of a witness while testifying.

SAME.—*Witness.—Cross-Examination.*—A cross-examination must be limited to matters about which the witness has testified in chief.

BASTARDY.—*Evidence.*—When the mother of an alleged bastard child dies during the pendency of proceedings in bastardy, her examination taken and reduced to writing by the justice of the peace, and properly certified by him, may be read in evidence on a subsequent trial in the circuit court.

SAME.—Where the written examination of the mother has been read on the trial in the circuit court, parol evidence of what she testified to on the trial before the justice is not admissible.

From the Delaware Circuit Court.

*W. March* and *W. Brotherton,* for appellant.

*F. S. Buckles* and — *Ryan,* for appellee.

DOWNEY, J.—This was a proceeding in bastardy, commenced by and on the relation of Isadora B. DeLong, against the appellant. The proceeding was commenced prior to the birth of the child. After the preliminary examination before the justice of the peace, the relatrix died, and the child was substituted in the further proceedings as the relator. In the circuit court, the defendant pleaded a general denial. A trial by jury terminated in a verdict that the defendant was the father of the child, and, refusing a new trial on the motion of the defendant, the court rendered judgment on the verdict. The only error properly assigned is the refusal to grant the defendant a new trial.

The first ground relied upon is this: The justice of the peace, before whom the preliminary examination took place, was a witness on the trial, and was asked by the plaintiff's attorney what took place before him at the time of the trial. To this the defendant objected, because it was irrelevant, the transcript, affidavit, and examination of the relatrix being then on file, and the evidence proposed was secondary evidence of that which could only be proved by written evidence.

The objections were overruled, and the witness stated, "that the relatrix was sworn by him as a witness, and asked questions by attorney, which she answered, and witness wrote down the questions and answers; that witness read

them over to her, and she acknowledged them to be the facts, and signed them."

This evidence was simply unnecessary. It was not offered as a substitute for the written examination, but apparently as preliminary to the reading of the written examination. The witness did not state any part of the evidence given upon the preliminary examination. The preliminary examination was afterward given in evidence. We do not see any material error in the admission of this evidence.

The same witness was asked by the counsel for the State, whether the defendant was present at the examination, and, if he was, what he did or said; to which the defendant objected, because it was irrelevant, immaterial, and was an attempt to prove indirectly by parol that which could only be proved by the record directly. The objection was overruled, and the witness stated, that "the defendant was present at the time, and said nothing; was silent."

This evidence was offered and admitted, we presume, for the purpose of showing the defendant's admission that he was the father of the child, because he did not contradict or controvert what was testified to by the relatrix.

It seems to us that no such inference could be properly or legally drawn from the defendant's silence under the circumstances. Assuming that the defendant might have been a witness, and testified in his own behalf before the justice of the peace, still he was not bound to do so; and the fact that he did not should not have been received as evidence of his guilt. In admitting this evidence to prove, or as tending to prove, that the defendant was the father of the child, we think the court committed an error.

To affect a party with the statements of others, made in his presence, it is not enough that they were made; for if they were made as evidence in a judicial proceeding, where he is not at liberty to dispute or contradict them at pleasure, though a party to the action, he should not be affected by them. 1 Greenl. Ev., sec. 197, and note 2; *Pierce* v. *Goldsberry*, 35 Ind. 317.

The defendant was sworn, and testified as a witness in his own behalf in the circuit court, denying that he had had intercourse with the relatrix, or was the father of the child, and stating also that at a time before the commencement of the proceeding she had denied that she was pregnant ; the counsel for the State, on cross-examination, was permitted to ask him the question, whether she did not, on the examination before the justice of the peace, swear that she was with child, and that the defendant was the father of the child. The defendant objected to the question, because it was not a proper cross-examination, and was irrelevant.

We do not perceive upon what ground this cross-examination was admissible. The defendant had not testified to anything concerning the examination before the justice. A cross-examination must be limited to matters about which the witness has testified in his first examination. *The Indianapolis, etc., R. W. Co.* v. *Ferguson,* 42 Ind. 243 ; 1 Greenl. Ev., sec. 445.

The written examination before the justice of the peace had already been read in evidence, showing that the relatrix had sworn before the justice that she was with child, and that the defendant was the father of the child, and parol evidence was inadmissible, even had the examination in other respects been proper.

It was urged as a reason for a new trial, that the court improperly admitted in evidence the written examination before the justice. It seems to have been in proper form. It had an appropriate heading, contained the interrogatories propounded, with the answers thereto, was signed by the relatrix, and properly certified and signed by the justice. The statute makes it evidence, in case of the death of the mother. 2 G. & H. 627, sec. 11.

There are other questions in the case of minor importance, which we need not decide, as a new trial must be granted for the reasons already stated.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial.