| 61 | 333 |
|-----|------|
| 129 | 276 |
| 61 | 333 |
| 139 | 53 |

## HERZOGG v. CHAMBERS ET AL.

SUPREME COURT.—*Appeal to.—Notice of.—Default.—Practice.*—Where a part only of several co-parties appeal to the Supreme Court, those not joining therein are entitled to notice thereof, notwithstanding they may have made default in the court below, and are made nominal co-appellees in the Supreme Court.

From the Knox Circuit Court.

*F. W. Viehe*, for appellant.

*W. H. De Wolf* and *S. N. Chambers*, for appellees.

NIBLACK, C. J.—This was an action by Albert B. Chambers against Frederick S. Herzogg and Henry Heithecker.

The complaint alleged, that the plaintiff and defendants had previously thereto executed a joint promissory note, the said Herzogg as principal and the said Chambers and Heithecker as sureties, which note he, the plaintiff, had been compelled to pay, and had paid, in full; that, for a valuable consideration, moving from the said Herzogg, Heithecker had agreed to pay said note for Herzogg.

Heithecker made default, and, Herzogg's defences to the action not being sustained, a joint judgment was rendered against both, from which Herzogg alone has appealed, making Heithecker an appellee with Chambers, and assigning errors against him, jointly with Chambers, without serving notice of the appeal on him, upon the alleged theory that his interests in the cause are adverse to Herzogg's.

Chambers has moved to dismiss the appeal for want of notice of such appeal to Heithecker as above stated.

We see nothing in this case which takes it out of the general rule laid down in section 551 of the code, requiring notice to co-parties who decline to join in an appeal.

Heithecker was a co-party with Herzogg, within the meaning of that section, and notice to him was necessary to complete the appeal. Making him a *pro forma* appellee did not dispense with notice to him of the appeal, as required by said section 551. *Reeder* v. *Maranda*, 55 Ind. 239; *Rabb* v. *Graham*, 43 Ind. 1; *Koerner* v. *Baldwin*, 39 Ind. 474.

The appeal must therefore be dismissed.

The appeal is dismissed, at the costs of the appellant.