## Howard v. Howard et al.

DECEDENTS' ESTATES.—*Action by Heir on Contract to Obtain Title to Land of Ancestor.—Witness.*—In a suit by an heir, against his co-heirs of a common ancestor, who had died intestate, founded upon an alleged contract with the ancestor, the object of which suit was to obtain title to land of such ancestor, an adverse party who had, previous to the bringing of the suit, assigned to the plaintiff a part of the cause of action stated in the complaint, may be required by the plaintiff, under the last proviso of section 2 of the " act defining who shall be competent witnesses," etc., 2 R. S. 1876, p. 135, to testify as a witness regarding the material facts stated in such complaint.

EVIDENCE.—*Statements.—Implied Admissions.—Acquiescence.*—To affect a party with the statements of others, on the ground of his implied admis-

Howard *v.* Howard *et al.*

sion of their truth by silence, it is not enough that they were made in his presence, though they were given in evidence, in a judicial proceeding, where, though a party, he was not at liberty to interpose a denial of them. The circumstances must be not only such as afforded him an opportunity to act or speak, but such also as would properly and naturally call for some action or reply from parties similarly situated.

From the Sullivan Circuit Court.

*S. Coulson,* for appellant.

*J. T. Gunn* and *D. W. Voorhees,* for appellees.

Howk, J.—In this action, the appellant sued the appellees, to enforce the specific performance of an alleged contract or agreement between the appellant and one Jones Howard, in his lifetime, who had died intestate before the suit was commenced. The appellant and the appellees, except James M. Douthitt, were the only heirs at law of said Jones Howard, deceased, and the said Douthitt was the administrator of said decedent's estate. The appellant alleged, in substance, that in 1854 he arrived at the age of 21 years, and commenced working for himself in the spring of 1855, and in the winter of that year he returned to the house of his father, the said Jones Howard, on a visit, intending to commence working for himself again in the spring of 1856. His father, Jones Howard, was then and before that time, and from that time until his death, seized in fee-simple of certain real estate, particularly described, in Sullivan county, Indiana. In the winter of 1855 and 1856, the said Jones Howard was becoming old and infirm, and had a severe and protracted illness, which entirely disabled him from labor, and from the effects of which he never recovered; and, by reason of his sickness and disability, he contracted debts, which he was unable to pay, without selling or encumbering his said real estate. These debts amounted to five hundred dollars, and the said Jones Howard, being embarrassed thereby, then proposed to the appellant and his

brother, Thomas Howard, one of the defendants in this case, who was then a minor and residing and working at home for his father, that if they, the appellant and said Thomas, would remain at home with him, the said Jones Howard, and work and manage his farm, consisting of said real estate, and pay his debts out of the proceeds of his stock and personal property and the proceeds of said farm or otherwise, and furnish to said Jones and his wife, Susan Howard, maintenance and support during their natural lives, then the said Jones would convey or make the title in and to said real estate over to the appellant and said Thomas, in fee-simple, together with all the personal property had or held by him at the time of his death. The appellant and said Thomas Howard accepted the said proposition, and, at the special instance and request of said Jones Howard, took possession of said real estate and personal property, under and in pursuance of said contract, and paid off and satisfied all the debts of said Jones Howard of which they had any knowledge, of which about the sum of $150.00 was paid with the appellant's individual means. The appellant and said Thomas Howard worked and managed said farm, from the date of said contract until 1863, when, by a mutual agreement made between the said Jones, Thomas and the appellant, the said Thomas, in consideration of the appellant's agreement to carry out and fulfil, from thenceforward, the aforesaid contract, agreed to and did surrender to the appellant all his, said Thomas', rights, claims, interests and demands in, to and under the said first named contract, to which agreement the said Jones Howard then and there assented and agreed, and the said Thomas, in pursuance of said last named agreement, moved off of said farm, and delivered full possession thereof to the appellant. The said contracts were not reduced to writing. The appellant and said Thomas cleared up twelve acres of the land, with the consent of said Jones Howard,

which was worth $60.00. In pursuance of said last named contract, the appellant continued to work, manage and improve said farm, from the date thereof until the commencement of this suit. He furnished a support to said Jones and Susan Howard, up to April, 1873, when said Susan died. During all said time, the said Jones and Susan were both in delicate health, and were unable to perform any labor, and the said Susan, during a great portion of the time, in consequence of her ill health, required great care and attention; and, during all said time, they lived together in the same house, and were provided for, nursed and taken care of by the appellant and his family. After the death of said Susan, the said Jones Howard continued to live with the appellant until April, 1874, when, without cause on the part of the appellant or of any of his family, he left, and from that time until his death resided with the defendant Agga Wilson, his daughter, and her husband, William P. Wilson. The said Jones Howard died on the 27th day of January, 1875, without having executed or made any title to the appellant for said real estate.

The appellant then stated in detail the improvements made by him on said farm with the consent of said Jones Howard, under said last named contract, and the value thereof, in the aggregate amounting to the sum of $405.00.

It was then alleged that the appellant fully complied with his said contract, and requested the said Jones Howard to convey or otherwise secure to him the title to said real estate, which the said Jones promised he would do. After the said Jones left the appellant's house, in April, 1874, he absolutely refused to comply with his contract, and served notice on the appellant to quit the possession of said farm. The appellant had expended in improving said farm, in paying the debts of said Jones Howard, and in furnishing a support to said Jones and said Susan, the sum of $5,965.00, none of which had been repaid. The

appellee Douthitt, as administrator of said Jones Howard, deceased, had taken possession of all the personal property of said decedent, which, by said contract, belonged to the appellant; and that the said Jones was only indebted in a small sum for funeral expenses, which the appellant was ready and willing to pay.

The prayer of the complaint was for a specific performance of the contract, and the conveyance to the appellant of the real estate described therein, or, if the court should find that the appellant was not entitled to such relief, that the said sum of five thousand nine hundred and sixty-five dollars should be allowed in his favor, against the estate of said Jones Howard, deceased.

All the appellees, except said Douthitt and Thomas Howard, jointly answered in two paragraphs:

1. A general denial; and,

2. As to so much of the complaint as sought for an allowance against the decedent's estate, that the cause of action did not accrue within six years.

Douthitt answered in three paragraphs:

1. A general denial;

2. Setting up his appointment as administrator, and giving a list of the decedent's property in his hands to be administered; and,

3. Six years' statute of limitations.

Thomas Howard answered by a general denial.

To the affirmative paragraphs of answer, the appellant replied, putting the case at issue. A trial of the cause by a jury resulted in a verdict for the defendants, the appellees in this court. The appellant's motion for a new trial having been overruled, and his exception entered to this ruling, the court rendered judgment on the verdict.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling his motion for a new trial. The causes for such new trial, relied

Howard *v.* Howard *et al.*

upon by the appellant's counsel for the reversal of the judgment, consisted chiefly of alleged errors of law occurring at the trial, in the exclusion and admission of evidence, and in giving and refusing to give the jury instructions. We need not and will not, in this opinion, set out all the causes assigned by the appellant for such new trial; but we will proceed at once to the consideration and decision of what we regard as the important and controlling questions in this case.

At the proper time, on the trial of this cause, to maintain his cause of action as stated in his complaint, the appellant called as a witness in his behalf the appellee Thomas Howard, one of the heirs at law of Jones Howard, deceased, and one of the defendants below to the appellant's action.

By this witness, as shown by a bill of exceptions properly in the record, the appellant offered to prove every material fact alleged in his complaint, setting them out in his offer, in detail. We need not set out the facts which the appellant thus offered to prove, because they would be merely a repetition of the allegations of the complaint, of which we have already given a full summary, in this opinion. The record states the ruling of the court, in regard to the evidence thus offered by the appellant, as follows:

" To the introduction of which said evidence, and every part thereof, the defendants objected for the reason that the said Thomas, although a party defendant to the record in this suit, is an incompetent person to prove said facts, he being the plaintiff's assignor of his interest in said original contract, which objections the court sustained, and refused to allow said witness to give in evidence to the jury said facts, to which ruling and decision of the court, in sustaining said objection and in excluding said evidence from the jury, the plaintiff excepted,"etc.

In section 1 of " An act defining who shall be compe-
tent witnesses," etc., approved March 11th, 1867, it is
provided, *inter alia*, that " any one person or party in a suit
may compel any other person or party therein to testify
under the same regulations as other witnesses may be
compelled, and the interest in the suit of any witness shall
be regarded only as to his or her credibility, and shall not
affect his or her competency." Acts 1867, p. 225 ; 2 R. S.
1876, p. 132.

The last proviso in section 2 of the same act reads as
follows :

" *And provided further*, That in all suits by or against
heirs, founded on a contract with or demand against
the ancestor, the object of which is to obtain title to
or possession of land or other property of such ances-
tor, or to reach or affect the same in any other way,
neither party shall be allowed to testify as a witness as
to any matter which occurred prior to the death of such
ancestor, unless required by the opposite party or by the
court trying the cause, and the assignor of the plaintiff in
any such suit, where there has been an assignment of the
cause of action, shall be deemed and held to be a party
within this provision." 2 R. S. 1876, p. 135.

These were the statutory provisions defining who shall be
competent witnesses, which were in force at the time of
the trial of this cause, and are still in force, under
which, as we suppose, the court excluded from the jury
the evidence of the appellee Thomas Howard, when
offered by the appellant. We have no brief of this cause,
in this court, from the appellees or their counsel, in sup-
port of this decision of the court below. It is evident,
however, that the court made this decision upon the hy-
pothesis, that it was apparent that the witness, Thomas
Howard, had assigned to the appellant the cause of action,
or some part thereof, stated in his complaint ; and that,

as such assignor of the appellant, the witness, Thomas, was utterly incompetent to testify to any facts in relation to the appellant's cause of action, under the last proviso, above quoted, of said section 2 of the statute.

Conceding, without deciding, that under the facts of this case, as they appear in the record, the witness, Thomas Howard, was an assignor to the appellant of his cause of action, as stated in his complaint, or of some part thereof, we are clearly of the opinion that, notwithstanding the fact thus conceded, the appellant had the right, or ought to have had such right, under a fair construction of the last proviso, above quoted, of said section 2 of the statute, to require the witness, Thomas, to testify to all the facts within his knowledge, which the appellant offered to prove by him. This was a suit by the appellant, an heir, against the appellees, his co-heirs of Jones Howard, deceased, who had died intestate, founded upon an alleged contract with the deceased ancestor, the object of which suit was to obtain title to land of such deceased ancestor. It will be seen, therefore, that this suit comes fairly within the exact letter of the above quoted proviso.

Upon the assumption that the witness, Thomas Howard, was the assignor of the appellant, the plaintiff below, of his cause of action, or some part thereof, as stated in his complaint, this proviso declares that such an assignor "shall be deemed and held to be a party within this provision." In this case, however, it was not necessary that the witness, Thomas Howard, should be merely "deemed and held to be a party," for he was an actual party. Not only so, but he was a necessary party, opposite and adverse, in the full meaning of those words, to the appellant in this suit. As one of the heirs at law of Jones Howard, deceased, the interest of the witness, Thomas Howard, in the result of this suit, was apparently as adverse and opposed to the claim of the appellant as that of any of the other appellees or defendants. The

witness had answered, by a general denial, "each and every material allegation in plaintiff's complaint;" so that, under the issues in this case, he and the appellant were clearly opposite parties. *Martin* v. *Asher's Adm'r*, 25 Ind. 237; *Upton* v. *Adams' Ex'rs*, 27 Ind. 432; and *Pea* v. *Pea*, 35 Ind. 387.

We are clearly of the opinion, that, under the last proviso, above quoted, of section 2 of the statute defining who shall be competent witnesses, the appellant had the right to require the witness, Thomas Howard, to testify to the facts which he offered to prove by such witness, if within his knowledge; and that the court erred in excluding such evidence and facts from the jury trying the cause.

On the trial of the cause, three witnesses on behalf of the appellees, over the objections and exceptions of the appellant, were allowed by the court to give in evidence to the jury a statement made by said Jones Howard, deceased, in his lifetime, to the effect that there was no contract between him and the appellant. It appeared, that this statement had been made by said Jones Howard, while he was testifying as a witness, in a suit before a justice of the peace, between the appellant and a third person, and in the appellant's presence.

It seems to us, that the court erred in allowing the appellees' witnesses to give in evidence to the jury this statement, so made by said Jones Howard, as a witness; for, although it appeared that the statement was made in the presence of the appellant and was not denied by him, yet it could not be said that he had acquiesced in, or was concluded by, the statement so made. The rule on this subject is thus stated, in note 1 to sec. 197 of 1 Greenleaf on Evidence: "To affect a party with the statements of others, on the ground of his implied admission of their truth by silent acquiescence, it is not enough that they were made in his presence; for, if they were given in evidence

Howard *v.* Howard *et al.*

in a judicial proceeding, he is not at liberty to interpose when and how he pleases, though a party; and therefore is not concluded." In reference to admissions, as implied from the acquiescence of a party, Mr. Greenleaf says, in said section 197: "The circumstances, too, must be not only such as afforded him an opportunity to act or to speak, but such also as would properly and naturally call for some action or reply, from men similarly situated." This rule of evidence has been fully approved and adopted by this court, in the cases of *Pierce* v. *Goldsberry*, 35 Ind. 317, and of *Broyles* v. *The State, ex rel. DeLong*, 47 Ind. 251. Under this rule of evidence, it seems to us that the court erred in permitting the appellees to prove on the trial the statement of Jones Howard, deceased, in his lifetime, as evidence in this case.

We have now considered and decided what we regard as the controlling questions presented for our decision by the record of this cause; and we are led to the conclusion that the court below erred in overruling the appellant's motion for a new trial. In this motion, the appellant also assigned, as causes for such new trial, a number of other alleged errors of law occurring at the trial, which we have not considered, and do not deem it necessary for us to consider, in this opinion. Upon another trial, the case will probably be presented to the triors of the facts, upon very different evidence from that which appears in the present record; and the other alleged errors of law, if they exist, will probably not occur again. In view of these probabilities, we will not extend further this already lengthy opinion.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Opinion filed at November term, 1879.
Petition for a rehearing overruled at May term, 1880.