LEGGETT et al. v. SCHWAB.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. EVIDENCE—ADMISSIONS FROM SILENCE.

The rule of admission by silence of the truth of statements made in one's presence extends only to cases where the court can say that the natural, and reasonable inference from silence is admission, and does not extend to evidence given in judicial proceedings.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 771-778.]

2. SAME.

In an action against a wife for goods sold, it appeared that a judgment had been obtained against the husband therefor. He had been examined in supplementary proceedings. The wife heard his testimony, and was also examined in the proceedings. Held, that the testimony of the husband in the supplementary proceedings was not admissible against the wife as an admission on her part because she did not contradict it.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 771-778.]

Hooker, J., dissenting.

Appeal from Trial Term, Orange County.

Action by William A. Leggett and others against Julia F. Schwab. From a judgment for defendant, plaintiff appeals. Affirmed.

Action for the price of goods sold. Judgment was first obtained against the defendant's husband therefor. He was examined in supplementary proceed-

ings thereon before a referee, and she was then examined therein as a witness, having been subpœnaed by the judgment creditor. She was present and heard her husband testify.

On the trial of this action the evidence of her husband before the said referee was offered by the plaintiff and excluded. The excluded evidence tended to show that the goods were sold to her.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John Miller, for appellants.

Graham Witschief, for respondent.

GAYNOR, J. The evidence of the husband given in supplementary proceedings was offered by the plaintiff on the theory that it was an admission by this defendant, for the reason that she did not contradict it when she heard her husband give it before the referee. The rule of admission by silence of the truth of statements made in one's presence extends only to cases where the court can say that the natural and reasonable inference from silence is admission; and for that reason it does not extend to evidence given in judicial proceedings. It is not to be expected that one will get up and contradict a witness on the stand, or that he will do more than answer questions if he be subsequently called as a witness himself. 1 Gr. on Ev. § 197, and notes. That the tribunal is not a high or imposing one does not make a difference. The same orderly course of procedure belongs there. I suppose, also, that coverture may stand in the way of the rule applying, for it would hardly be natural and reasonable for a wife to get up in court and brand her husband as a perjurer. Indeed, if she even chides him on getting home it will only be out of the same love and affection which made her naturally and reasonably keep still in court. Every woman is not a Jeanie Deans.

The judgment is affirmed.

Judgment affirmed, with costs. All concur, except Hooker, J., who dissents.

HOOKER, J. (dissenting). This is an action for goods, wares, and merchandise sold and delivered. The answer is a general denial. Before this action was commenced, the plaintiffs recovered judgment for the value of the same goods against the husband of this defendant. He was examined in supplementary proceedings, and, upon evident failure to collect the judgment, this action was commenced. Upon the supplementary proceedings both this defendant and her husband, the defendant in the case, which had proceeded to judgment, were examined as witnesses The testimony of the defendant at that time was as follows:

"I have heard my husband's testimony. I own the furniture in the barber shop and upstairs. I get from my husband or from the drawer of the shop whatever money I want. I know nothing about the cigars for which this judgment was obtained. I have an income aside from the shop. I own real estate in Jersey City. The income is from $30 to $35 a month. What money I get from the shop, I use for my children and myself."

The plaintiff then offered to read the testimony of the husband taken before the referee in supplementary proceedings. This was objected to by defendant's counsel, who stated:

"That raises the only question there is in this case. The situation is this: These people appeared before Mr. Thompson as referee, and upon the examination Mr. Schwab, in the presence of Mrs. Schwab, made certain statements as to agency, which we contend are not competent against her. They contend that she is estopped, because she was present and heard the testimony, and made no denial. The fact that he was upon the witness stand is sufficient to remove the case from any question of estoppel, because of the fact that she was present, and did not deny it. We object to this evidence taken before Mr. Thompson as to the testimony of Mr. Schwab. The testimony of Mrs. Schwab we do not object to."

Under the circumstances disclosed, I am of opinion that the exclusion of the testimony of the defendant's husband was error, and that if it contained what was claimed for it, a question of fact would have been presented for the jury's consideration as to defendant's proprietorship of the business for whose benefit plaintiffs delivered the merchandise.

The general rule as to the reception of vicarious admissions is that where a third person's statement is made in the presence of a party, the latter's silence implies assent to the correctness of the communication, where the statement is made under such circumstances by such persons and is of such a character as naturally to call for a reply, if he did not intend to admit it; or, in other words, silence is not evidence of admission, unless there are circumstances that render it more reasonably probable that a man would answer the charge made against him than that he would not.

A well-recognized exception to this general rule is, however, that where the statements are made in the course of a judicial proceeding, even though the party sought to be bound is present and hears them, the latter's silence will not render the statements admissible. In Mellen v. Andrews, M. & M. 336, the testimony of a witness on a former trial there offered against the plaintiff who heard the former evidence, was excluded, the court saying:

"It is true that the plaintiff might have cross-examined or commented on the testimony. But still, in an investigation of this nature, there is a regularity of proceedings adopted which prevents the party from interposing when and how he pleases, as he would in a common conversation. The same inferences therefore cannot be drawn from his silence or his conduct in this case which generally may in that of a conversation in his presence."

The reason for the exception is that the inference, if any, would arise from the party's failure to speak out informally at an improper time, where an interruption to deny would violate the decorum of the occasion. See Wigmore on Evidence, § 1072.

The present case, however, is not within the exception, and the reasoning which commends this exception does not obtain here. The defendant heard the statements of her husband; she was in company with him at the office of the referee in supplementary proceedings; no lawyer represented her or him, and they were both examined by the attorney for the judgment creditors. She had heard the statements that

she was the principal, and her husband the agent, and it is probable that had the proceeding gone no further, her silence would not have rendered competent her husband's statements, for she would not have been permitted with propriety to interrupt the orderly examination of her husband as a witness. The feature of the case, however, was that she was herself called as a witness, and then had every opportunity to deny or to disavow the statements of her husband, and it would not only not have been improper for her to have done so, but it would have conformed strictly with the proprieties of the occasion and her own interest, had such been the case, for her to have stated her lack of assent to his language. Where one does not offer his own testimony in civil cases to contradict the facts established by the evidence against him, it is proper to draw the inference that he could not truthfully deny, were he to speak upon the subject. This is the rule that should apply to the questions presented by this record; the testimony of the plaintiff's husband given in supplementary proceedings should have been received as bearing upon the question of his agency for his wife as undisclosed principal. Such a vicarious admission would have been some evidence to take the case to the jury upon the question of the defendant's liability, and would have rendered a nonsuit improper.

The judgment should therefore be reversed, and a new trial granted.