## BROOKS v. WYNN et al.

(Court of Civil Appeals of Texas. Dallas. June 24, 1911. Rehearing Denied Oct. 7, 1911.)

1. LANDLORD AND TENANT (§ 228*)—ACTION FOR RENT—PARTIES.

In an action for rent, the tenant's wife and stepchildren, who had a remainder interest in the title after the death of plaintiff, who was entitled to possession of the property for life, were neither necessary nor proper parties.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 894–903; Dec. Dig. § 228.*]

2. LANDLORD AND TENANT (§ 223*)—ACTION FOR RENT—SET-OFF—EVIDENCE—IMPROVEMENTS.

In an action for the rental value of certain property for a year during which defendant held over as tenant without the consent of plaintiff, evidence as to improvements made on the property by defendant and as to his purchase of a tenant house with a view of placing it on the property was inadmissible, not being a proper subject of set-off in the absence of agreement.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

3. LIFE ESTATES (§ 25*)—LEASE—ACTION FOR RENT—DEFENSES.

Where plaintiff as life tenant was entitled to the possession and proceeds of the property in question, the fact that defendant had married the widow of the remainderman, and thereby became the stepfather of two of his minor children, was not material in an action by the plaintiff for rent during the year which defendant held over.

[Ed. Note.—For other cases, see Life Estates, Dec. Dig. § 25.*]

Appeal from District Court, Delta County; T. D. Montrose, Judge.

Action by L. C. Wynn and others against J. M. Brooks. Judgment for plaintiff, and defendants appeal. Affirmed.

J. L. Young, for appellants. Lane & Ratliff, Newman Phillips, and L. L. Wood, for appellee.

RAINEY, C. J. On June 19, 1894, H. G. Wynn and wife, L. C. Wynn, conveyed to their son, John Hiram Wynn, a certain tract of land. In said conveyance it is recited: "And for the further consideration of love and affection we have to our son, John Hiram Wynn, the youngest of all, who is yet a minor, and uneducated, and the further consideration that we, H. G. Wynn and L. C. Wynn, have retained the exclusive right to control the hereinafter described premises during both of our natural lifetime or either of us, and the further consideration that we, H. G. Wynn and L. C. Wynn, have all the proceeds of said premises so long as we or either of us shall live." H. G. Wynn died 10 or 12 years ago, and his wife continued to live on the place with her son, Hiram, who, being about grown at the time of his father's death, managed the farm for his mother. Hiram, the son, married, and he and his wife lived with his mother on the place. He died, leaving a widow and two children, and they lived on the place as before. In the course of time Hiram's widow married the appellant, Brooks, who rented the land from Mrs. L. C. Wynn, and this is a suit by her to recover the rents from Brooks. A trial resulted in a verdict and judgment for plaintiff, and defendant appeals.

The facts show that Mrs. L. C. Wynn and Brooks had the following agreement about the lease of the land for the year 1909, as shown by appellant's testimony, viz.: "The day that Grandma (L. C. Wynn) was to leave the premises, I just asked her had she decided on this proposition and asked her what was her decision. 'Well,' she said, 'would $100 a year be too much?' And I says, 'No, not enough.' And I told her that would not pay her doctor's bills and drug bill, and she says, 'My board won't cost me anything.' And I told her if I managed her place she must pay her board, and she says that is all I want and all I will have, and says if you all can make anything out of the place this year just let it go and give me a living this year. Then I says, 'All right, I will manage and attend to that, and, if you get sick, don't worry, your doctor bills and drug bills will be paid regardless of the amount.' And that was the trade I made with her, and upon that trade I took possession of the place." Again he testified: "I did not take the place for the first year under any other contract than the one I have stated." The appellee testified: "I rented the place to Mr. Brooks for the year 1909. I let him have the place that year." In August, 1909, Mrs. L. C. Wynn notified appellant that he could not have the place for the year 1910, but he held over, and this is a suit for the rent of 1910.

[1] Complaint is made of the overruling of an application for continuance for the purpose of making Mrs. Brooks and children of Hiram Wynn, deceased, parties to this suit. We are of the opinion that there was no error in overruling the application. The controversy in this suit only involves the question of rents of the place, and the interest of said parties is in no way affected in the result of this litigation as makes them necessary parties, or even proper parties.

[2] The court did not err in excluding evidence relating to improvements placed on the place by appellant, or as to the purchase of a tenant house by him with the view of placing same on the premises. Appellant was notified

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

in August, 1909, that he could not have the place for 1910, and his holding over for that year was without the consent of Mrs. L. C. Wynn, who was entitled to the rents, and for that year he was responsible to her for the rental value of the place, and such value was not subject to be set off by improvements made or expenses incurred by him in the absence of an agreement with Mrs. L. C. Wynn in relation thereto.

[3] We think there is nothing in the contention of appellant that by reason of the fact that appellant married the widow of Hiram Wynn, deceased, and thereby became the stepfather of the two minor children, Mary and J. H. Wynn, he was entitled to the control and to the proceeds of said land. Mrs. L. C. Wynn, by the terms of the deed made to Hiram Wynn, has the legal right to possession and entitled to the proceeds.

Under the facts shown by the record, the court was warranted in instructing a verdict for appellee, and the judgment is affirmed.