BUCHANAN ET AL. v. MORRIS ET AL.

[No. 25,164. Filed March 30, 1926. Rehearing denied June 10, 1926.]

1. APPEAL.—*The statute which required that, in vacation appeals, all judgment defendants must be made appellants, was repealed, and not revived by repeal of latter act.*—That part of §707 Burns 1926, §674 Burns 1914, which has been construed to require that, in a vacation appeal by part of the judgment defendants, all coparties should be joined as co-appellants and served with notice as such appellants in order to give the court jurisdiction of the appeal, was repealed by implication by the act of 1917 (Acts 1917 p. 523), and the repeal of that act in 1921 (Acts 1921 p. 50, §691f Burns' Supp. 1921) did not have the effect of reviving the part of the original section repealed (§255 Burns 1926, §248 Burns 1914). p. 84.

2. STATUTES.—Section 255 Burns 1926 expressly provides that whenever an act is repealed which repealed a former act, such former act shall not be revived unless it shall be so expressly provided. p. 85.

3. APPEAL.—*On appeal all parties to a judgment must be made parties.*—The general rule is that all parties to, and affected by, a judgment appealed from must be, actually or constructively, made parties to the appeal to confer complete jurisdiction upon the appellate tribunal. p. 86.

4. APPEAL.—*Appeal by one judgment defendant at common law.*—At common law, where all of the judgment defendants did not wish to prosecute an appeal, one of them could appeal in the names of all, and if the others refused to join in the assignment of errors, there was a judgment of severance as to them, after which, the appellant could proceed alone. p. 86.

5. APPEAL.—*Rule for joining judgment defendants.*—After the repeal of the act of 1917 (Acts 1917 p. 523) relative to procedure on appeal, there being no provision of the Code expressly specifying how codefendants in a judgment should be made parties to an appeal, §§270, 276, 277 Burns 1926, §§263, 269, 270 Burns 1914, concerning parties in civil actions, were held to control by analogy who should be named parties on appeal and their position as appellants or appellees, and it was *held* sufficient to make a judgment defendant an appellee where he refused to join in an appeal. p. 89.

6. AUTOMOBILES.—*Instruction declaring automobile driver guilty of negligence if he drove his car at greater speed than fifteen miles per hour in closely built-up portion of city held error.*—

In an action for damages for personal injuries received in an automobile collision, an instruction based on §10476c Burns 1914 that an automobile driver was guilty of negligence if he drove his truck at a greater speed than fifteen miles per hour in the closely built-up portion of a city, was error, as the section only established a *prima facie* rule and did not preclude the consideration of other evidence of circumstances which surrounded the accident. p. 89.

7. EVIDENCE.—*Statement by employee concerning matters relating, to a transaction which might tend to bind his employer, when competent.*—A statement by an employee concerning matters relating to a transaction which might tend to bind his employer must be so near in time and place to the happening of the main event upon which the suit against his employer is based that it is within the *res gestae.* p. 92.

8. EVIDENCE.—*Statement of employee that he was driving truck to his home for use in employers' business, held inadmissible.*—A statement made by defendants' employee while testifying as a witness that, at the time of the collision between the defendants' truck and plaintiff's automobile, he was taking the truck to his home so he could have it ready for use in answering calls for his employers, automobile repairers, was inadmissible in an action against him and his employers for injuries received in the collision, since it was no part of the *res gestae.* p. 92.

9. EVIDENCE.—*Evidence of silence of employers who heard employee's testimony in court, held inadmissible against them.*—A statement made in court by defendants' driver of a truck which was in collision with plaintiff's automobile as to what he was doing with the truck, thereby tending to establish his employers' liability for the accident, was inadmissible against them, though they were present in court at the time and made no denial of the statement, as the doctrine of acquiescence does not apply to admissions made in judicial proceedings. p. 92.

10. EVIDENCE.—Admissions by a party to an action are not admissible against his coparties, even when one of the coparties has made a similar admission. p. 93.

11. TRIAL.—An instruction which goes beyond the scope of the evidence is erroneous. p. 93.

12. DAMAGES.—*Instruction allowing, recovery, for pecuniary, value of gratuitous services rendered plaintiff held erroneous.*—In an action for damages for personal injuries, an instruction on the measure of damages that the jury could consider the pecuniary value of any service rendered the plaintiff in attempting to effect a cure of the injuries was error, since it authorizes recovery for gratuitous services. p. 93.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by Ernest C. Morris against Joseph Buchanan and others. From a judgment for plaintiff, the defendants Joseph Buchanan and Lee Buchanan appealed to the Appellate Court, which dismissed the appeal. (Transferred to the Supreme Court under subd. 2, §1357 Burns 1926.) *Reversed.*

*Fenton, Steers, Harryman, Herbst & Klee* and *Featherngill & Drybread,* for appellants.

*Henry E. White, Charles B. Clarke, Walter C. Clarke, M. B. Hottel* and *R. L. Ewbank,* for appellees.

TRAVIS, J.—This action was instituted by appellee Morris against appellants and his coappellee, to recover damages for personal injuries caused by the collision of appellee Morris' automobile and appellants' truck.

Appellee Morris predicates actionable negligence upon the alleged manner in which appellants' automobile truck was carelessly and negligently driven by their employee, appellee Walter Kimberlin, on the left side of Ashland avenue in the city of Indianapolis, at a speed of thirty miles per hour, without displaying two lights in the front thereof and without displaying license numbers thereon; and in so doing, carelessly, negligently and unlawfully permitted their truck to strike the automobile of appellee Morris while he was occupying the same, with great force and violence, and to smash, knock and hurl the same fifty feet, and to knock and throw appellee Morris with such force and violence that he was bruised, wounded, lacerated, and injured about his head, chest, back and limbs, and that his thigh was broken, all of which caused him pain and anguish; and that, as the result of such injuries, he was taken to a hospital and there treated for some months. That he suffered severe and permanent injuries, loss of wages, and large sums spent for medicines, nursing,

medical and surgical treatment. The issue was closed by the general denial of appellants and appellee Kimberlin.

The evidence disclosed that appellants were partners engaged in the business of manufacturing carriages and wagons and repairing automobiles in the city of Indianapolis. Appellee Kimberlin was in the employ of appellants in the capacity of shop workman and driver of their truck, which was used for gathering stock, calling for and delivering wagons, and hauling in wrecked automobiles. The day the accident occurred, Kimberlin worked in the shop until twenty minutes before closing time, which was five o'clock, when he was sent to deliver a wagon with the truck. He returned from delivering the wagon at 5:10 p.m. All other workmen had quit work for the day and had departed. One of the appellants waited for Kimberlin's return. Upon his return to the factory, Kimberlin left to go to his home with the truck. Evidence was admitted, over objection by appellants, that Kimberlin testified in city court, more than two months after the accident, that he took the truck home with him to keep over night to have it ready to answer calls, if any came, to haul in damaged automobiles, which was the custom. Appellants by their testimony denied that such was the custom, and also denied that appellee Kimberlin took the truck the evening of the day on which the accident occurred to haul in damaged automobiles, but that he took the truck solely for his own convenience to ride instead of walk home, and that, at the time of the accident, Kimberlin was not engaged in performing any duty for his employers, and that his day's work had ended.

The jury trying the cause returned a general verdict for appellee Morris for $5,000. Interrogatories were submitted, answers to which by the jury found that Kimberlin had completed his day's work at the shop

about 5:10 p. m. on the day of the happening of the accident, at which time, he left the shop, and obtained permission from Lee Buchanan, one of the appellants, to drive home in the truck. That then Kimberlin drove the truck to Edison avenue, wholly upon his own business and for his own pleasure, and that the accident occurred shortly after he left Edison avenue and when traveling on Ashland avenue at about 7:30 p. m. The jury also found that the truck was taken by Kimberlin to his home so that it could be used, if occasion should arise therefor, in the business of appellants.

Appellant moved for judgment upon the answers by the jury to the interrogatories, which the court overruled. The court thereupon rendered judgment upon the general verdict, June 11, 1921.

The sole error assigned is upon the action of the court in overruling appellants' motion for a new trial. The errors alleged as causes for a new trial, and not waived, are: The verdict is not sustained by sufficient evidence, and is contrary to law; the admission of testimony over objection by appellants; the giving and refusing to give instructions.

Appellee Morris filed his motion to dismiss the appeal upon the ground that Kimberlin, who was a coparty with appellants to the judgment, was wrongfully made a party appellee instead of a party appellant. The motion is based upon the proposition that this being an attempted vacation appeal, in order to vest this court with jurisdiction, it was necessary to have made Walter Kimberlin, who was a coparty to the judgment, a party appellant instead of a party appellee, and that the appeal is governed by §707 Burns 1926, §674 Burns 1914; and that therefore, in order to maintain the appeal, it will be necessary to overrule all the cases in support of the proposition, some of which are, to wit: *Gregory* v. *Smith* (1894), 139 Ind. 48, 38 N. E. 395; *Lee* v. *Mo-*

*zingo* (1895), 143 Ind. 667, 41 N. E. 454; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Vail* v. *Page* (1911), 175 Ind. 126, 93 N. E. 705.

It may be conceded that, under the construction given the statute §707 Burns 1926, *supra*, by this court, Kimberlin was improperly named a party appellee, on which account, the motion to dismiss the appeal did lie, and that, thereunder, the appeal must be dismissed. It is unnecessary to reconsider the construction given this statute, or to overrule the opinions which so construed it.

By construction of §707 Burns 1926, *supra*, all co-parties must be joined, in an appeal by one of them, as coappellants. *Gregory* v. *Smith*, *supra*. But

1. the legislature, in 1917, enacted a statute concerning civil procedure, the first section of which is as follows: "That in all appeals now pending in the supreme or appellate courts of Indiana, or hereafter taken to either of such courts, the parties named in such appeals shall be properly before the court for all purposes, whether such parties be named as appellants or appellees, and the fact that one or more parties are named as appellants when they should be appellees, or appellees when they should be appellants, shall not affect the jurisdiction of the court." Acts 1917 p. 523. A comparison of this new statute with §707 Burns 1926, *supra*, as judicially construed, will show that there is irreconcilable conflict between the new and that part of the old statute which relates to this proposition and which has been construed. The later act is not auxiliary to the earlier; for the later act provides that whether a party on appeal be made appellant or appellee does not affect the jurisdiction of the court; whereas such a misnomer under §707 Burns 1926, *supra*, as construed, is cause for dismissal of the appeal. The one cannot be obeyed without violating the

other. This is a positive repugnancy between the two
sections of the statutes, and the two sections are ir-
reconcilably inconsistent. Therefore although repeals
of statutes by implication are not favored in law, the
repeal by implication by the act of 1917 (Acts 1917 p.
523) of that part of §707 Burns 1926, which has the
effect of requiring parties to appeals to be named appel-
lants or appellees, to wit: "After notice to said co-
parties in either of the ways provided in this section,
unless they appear and decline to join in said appeal
they shall be regarded as properly joined, and shall be
liable for their due proportion of the costs. If they
decline to join, their names may be stricken out, on
motion; and they shall not take an appeal afterwards,
nor shall they derive any benefit from the appeal, un-
less from the necessity of the case, except persons under
disability," which, before being amended in 1899, was
judicially construed (*Gregory* v. *Smith, supra*) irre-
sistibly follows. The court holds that to the extent of
such conflict, that part of §707 Burns 1926, *supra,* is
impliedly repealed. Lewis, Sutherland Statutory Con-
struction (2d ed.) §247; *Hyland* v. *Brazil Block Coal
Co.* (1891), 128 Ind. 335; *Hamlyn* v. *Nesbit, Admr.*
(1871), 37 Ind. 284; *Wood* v. *United States* (1842), 16
Peters 341, 363, 10 L. Ed. 987; *People* v. *Supervisors*
(1876), 67 N. Y. 109, 23 Am. Rep. 94; See, also, *Wells*
v. *Supervisors* (1880), 102 U. S. 625, 26 L. Ed. 122;
*Lyddy* v. *Long Island City* (1887), 104 N. Y. 218, 10
N. E. 155.

The act of 1917, which is now held to have repealed
that part of §707 Burns 1926, *supra,* under considera-
tion by implication, was repealed by the General
2. Assembly in 1921. No other statute was then
enacted concerning making parties to appeals
either appellants or appellees. The effect of such re-
peal of the act of 1917, *supra,* is controlled by statute,

which provides that whenever an act is repealed which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided.   §255 Burns 1926, §248 Burns 1914.

It is recognized, generally, that all parties to, and affected by, the judgment appealed from must, actually or constructively, be made parties to the appeal, to confer complete jurisdiction upon the appellate court.   *Hunderlock* v. *Dundee, etc., Co.* (1882), 88 Ind. 139.   The general rule, as thus recognized and adhered to, was nevertheless based upon the statute under consideration, and which was repealed. The point decided, however, in the case last cited, is that all parties to, or affected by, the judgment appealed from, must be made parties to the appeal, to confer jurisdiction on the court to which the appeal is taken.

Before the enactment of the code, or a statute regulating parties appellant or appellee, this court adopted the rule at common law that:   "On a judgment against several defendants, a writ of error must be brought in all their names, if they are still living and aggrieved by the judgment."   *Kain* v. *Graydon* (1842), 6 Blackf. (Ind.) 138.   To care for the contingency that appears in the case at bar, where all judgment defendants do not appeal, this court adopted the further rule of the common law that:   "Where all the plaintiffs or defendants to a suit do not wish to prosecute an appeal or a writ of error, or will not unite in doing so, any one of them may take an appeal or sue out a writ in the names of all, and if the others refuse to come in and join in the assignment of errors, there must be a judgment of severance as to them, after which he may proceed alone."   *Kain* v. *Graydon, supra; Kirby* v. *Holmes* (1854), 6 Ind. 33; *Rabb* v. *Graham* (1873), 43 Ind. 1; *Reeder* v. *Maranda* (1876), 55 Ind. 239; See *Herzogg* v. *Chambers* (1878), 61 Ind. 333.

The General Assembly of this state in 1881 (Acts 1881 [Spec. Sess.] p. 240) enacted a code of civil procedure, as did other states of the United States. The sections of the code which are to be considered and which apply in the case at bar are numbers 270, 276, and 277 Burns 1926 (§§262, 268 and 269 R. S. 1881).

The Supreme Court of Ohio had this question of a defect of parties before it in a petition in error to the Supreme Court. There was no express provision in the code of Ohio providing who should be made parties to such a petition. The court reasoned that §§34, 35 and 36 of the Revised Statutes of Ohio, ch. 87, pp. 955, 956 and 957, which are almost identical with §§270, 276 and 277 Burns 1926 concerning parties to civil actions in the trial court, applied by analogy to proper parties in a petition in error. The Ohio court says that the three sections mentioned determine by analogy who should be made parties to the proceeding, and control any legal discretion the court may be supposed to have, and held that the provisions of these sections, when applied to the naming of parties in an assignment of error upon appeal, indicate clearly that all the defendants in the judgment should be made parties in some form to the proceeding to reverse it. The judgment before the Ohio court was an entity, as is the judgment here, and all judgment defendants were liable upon it, and each one is *prima facie* liable to contribute to its discharge *inter sese.* The interest of each defendant then is that the number of ultimate contributors to him should not be diminished, and he should, therefore, be a party to a proceeding to free a codefendant from his obligation. In the Ohio case, there was a defect of parties in the cause. All the parties to the judgment were not made parties in the petition in error, which is different from the case at bar, in that all parties to the judgment are made

parties to the appeal and have been served with notice. According to §270 of the Indiana statutes, reasoning from the analogy mentioned in the Ohio court, Buchanan and Buchanan, being the only judgment defendants who are seeking relief upon appeal, it was unnecessary that they should join their codefendant Kimberlin with them as appellants. He did not seek to reverse this judgment. And his interest being thus adverse to his coparties Buchanan and Buchanan, it was proper, under §276 of our code, to name him as an appellee and to serve him with notice. It is quite apparent that he is not united in interest with appellants Buchanan and Buchanan, and being one of the parties to the action, it was proper under §277 that he be named either an appellant (plaintiff) or appellee (defendant). Kimberlin being joined in the appeal as an appellee, and having been given notice of the appeal by appellants, he is in no worse position than he would have been had he been joined as appellant and been served with summons and severance according to the common-law rule. The main reason for the rule that all parties to the judgment must be parties to the appeal is to prevent numerous appeals and hold all the parties having beneficial interests harmless, either from multiplicity of appeals, delay, or loss. The secondary reason under the Indiana practice is that there be at least a uniform method of naming parties in the bringing of appeals which would prevent misunderstanding and dispel any doubt as to the standing of the parties occasioned by their position upon appeal as placed by those who bring the appeal. *Smetters & Harris* v. *Rainey* (1863), 14 Ohio St. 287, 290; *Wolf* v. *Murphy* (1887), 21 Nebr. 472, 32 N. W. 303.

There being no express provision of the code, at the date of the taking of this appeal, which designated who should be made parties to an assignment of error, either

appellant or appellee, upon appeal, the court adopts the reasoning of the Supreme Court of Ohio.

It is, therefore, held that §§262, 268 and 269 R. S. 1881 (§§270, 276 and 277 Burns 1926), which control the naming of parties at the inception of 5. a civil action, control by analogy who should be named parties upon appeal and their position as appellants or appellees; and further that the cojoint judgment defendant below, having been brought to this court in this appeal by notice, to which he afterward plead by a severance, is now properly before the court by being named an appellee. The petition to dismiss the appeal is overruled.

Appellants caused written notice of this appeal to be served upon appellee Kimberlin. Thereafter Kimberlin filed his written appearance to this appeal and also filed his written declination to join in this appeal. The only error assigned by appellants is the action of the trial court in overruling their separate motion for a new trial, in which appellee did not join; neither did he file a motion for a new trial. If appellee Kimberlin is properly before the court on appeal, and he having abided the judgment by his declination to join in this appeal, the mandate in the appeal will pertain to appellants only, and will not disturb the judgment against Kimberlin.

The court now orders and adjudges a severance of appellee Kimberlin from this appeal, and that appellee Morris' petition to dismiss the appeal be denied.

Appellants predicate error upon certain instructions by the court to the jury, the first one of which was based upon a statute, §10476c Burns 1914 (Acts 6. 1913 p. 779). The instruction is as follows:

"No. 1. At the time of alleged injury to plaintiff there was a statute in the State of Indiana in force, which provided that automobiles and motor vehicles

should not be driven and operated at a greater rate of speed than fifteen miles per hour in the closely built-up portion of any municipality of this state, and the driver thereof would be guilty of negligence in operating such vehicles at a greater rate than fifteen miles per hour.

"If, therefore, you find that the plaintiff was standing with his automobile at a place where he had a right to be and on the right side of the street near the intersection of Eleventh and Ashland streets in the city of Indianapolis, and that such place is in the closely built-up portion of such city and while there parked on the right and proper side of the street and without any fault on his part, the defendants herein in person or by their servant in the line of his employment operated their said car at a greater rate of speed than fifteen miles per hour, and that plaintiff has proven all other material allegations of his complaint, then the plaintiff herein would be entitled to recover and your verdict should be for the plaintiff in such sum as may compensate him for any injury which you may find he has received." Particular objection is made to the instruction, when considered as a whole, that it instructs to be the rule, as a matter of law, "that motor vehicles should not be driven and operated at a greater rate of speed than fifteen miles per hour in the closely built-up portion of any municipality of this state, and the driver thereof would be guilty of negligence in operating such vehicles at a greater rate than fifteen miles per hour." The section of the statute upon which the instruction is founded did not change or enlarge the exercise of ordinary care, as applied to the driver of a motor vehicle, as has been decided by this court. *Miles* v. *State* (1920), 189 Ind. 691. That part of the statute cited, which has to do with establishing what shall constitute *prima facie* evidence concerning the use of a motor vehicle upon a public highway, is limited to es-

tablishing by such evidence, only, "That the person operating or driving such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable and having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person." Other circumstances, if any are before the jury by evidence, are to be considered, as well as the sole evidence of the speed of the motor vehicle. So that, the court, in instructing the jury what was the law of the case, was going too far in instructing as a matter of law, that "the driver thereof would be guilty of negligence in operating such vehicle at a greater rate than fifteen miles per hour." The instruction is an erroneous interpretation of the section of the statute, and the instruction invades the province of the jury, in that it precludes an investigation and consideration of any other evidence of circumstances which surrounded the actual happening of the main event, that an injury had taken place. *Miles* v. *State, supra.*

Instruction No. 2 was founded upon testimony by a third person of admissions made by two of the parties defendant to the suit. A policeman was permitted to testify, over objection, to an answer in evidence by appellee Kimberlin in the trial of an action in municipal court which charged Kimberlin with having committed a misdemeanor. The statement, which was made by Kimberlin under oath as a witness in the trial of a cause, as testified to by the policeman, was such an admission that, if true, would tend to bind his codefendants, the appellants here. The statement given as testimony was given several months after the happening of the accident at which appellee Morris alleges he received injuries, and at a court, instead of at or near the place of the accident. One of appellants was in the municipal court when the admission of Kimberlin

was made. It was admitted by testimony that Kimberlin was an employee of appellants. The question arises, under the admission and the instruction, whether Kimberlin was working in the line of his duty for appellants at the time of the happening of the accident and the resulting injury.

A statement by an employee, concerning matters relating to a transaction, which might tend to bind the employer, must be so near in time and place to 7-9. the happening of the main event upon which the suit is based, that it is within the *res gestae*. *City of Friend* v. *Burleigh, Exr.* (1890), 53 Nebr. 674, 74 N. W. 50; *Metropolitan Nat. Bank* v. *Com. St. Bank* (1898), 104 Iowa 682, 74 N. W. 26; *Little Rock Tr. & Elec. Co.* v. *Nelson* (1899), 66 Ark. 494, 52 S. W. 7; 10 R. C. L. p. 974, Res Gestae, p. 990. The admission testified about by the policeman was not a part of the *res gestae*. Neither was the admission by Kimberlin at the municipal court admissible in evidence because of the silence of one of appellants present in court, or that he made no denial of the statement there. Such silence is not an acquiescence of the truth of the purported admission. The doctrine of acquiescence does not apply to admissions made at judicial proceedings. *Broyles* v. *State, ex rel.* (1874), 47 Ind. 251; *Howard* v. *Howard* (1880), 69 Ind. 592, 600; *Johnson* v. *Holliday* (1881), 79 Ind. 151, 156; *Wilkins* v. *Stidger* (1863), 22 Cal. 231, 83 Am. Dec. 67; *Parrott* v. *State* (1911), 125 Tenn. 1, 139 S. W. 1056, 35 L. R. A. (N. S.) 1073, Ann. Cas. 1913C 239; *Commonwealth* v. *Burton* (1903), 183 Mass. 461, 67 N. E. 419; *Leggett* v. *Schwabb* (1906), 97 N. Y. Supp. 805, 111 App. Div. 341; *Salley* v. *Manchester, etc., R. Co.* (1901), 62 S. C. 127, 40 S. E. 111.

Neither was the admission admissible in evidence because made by a party to the case. The admission had

no bearing upon the negligence of Kimberlin, but related wholly to appellants, his employers.

Admissions by an actual party to the action is not admissible as evidence against other parties joined as defendants with him. The testimony concerning the admission by Kimberlin is not aided, or to be held not prejudicial error, because one of appellants made a similar admission on the same 'day at the same place, though not as an answer under oath as a witness at a trial. The alleged admission was made in the absence of one of the codefendants, and was not competent evidence against him. *Arkansas Valley Trust Co.* v. *McIlroy* (1911), 97 Ark. 160, 133 S. W. 816, 31 L. R. A. (N. S.) 1012. Instruction No. 2 is erroneous, because it goes beyond the scope of the evidence.

Instruction No. 3 rests the case "in the scope of such employment." There is evidence of employment, and the instruction is free from error under that evidence. It is also broad enough not to be limited to the evidence of admissions which tainted the previous instruction with error.

Instruction No. 24 is erroneous because it is beyond the scope of the evidence, and if it has any foundation in the evidence, it is the same evidence which affects instruction No. 2.

Instructions Nos. 25 and 3 are very much like each other, and each has the same import concerning the "scope of his employment," and was not erroneous.

Instruction No. 27, which is alleged to be erroneous, is upon the measure of damages. After stating that the jury may take into consideration, among other things, "all expenses necessarily incurred as alleged in the complaint," it concludes with the statement, as an element of the measure of damages to be recovered, "the pecuniary value of any serv-

ice rendered him necessarily in attempting to effect a cure of said injuries, if any, all as shown by the evidence." This latter statement purports to be an element in the measure of damages for which a recovery may be had, even though the value of such service so rendered was not an expense or a liability of the plaintiff. The statement is too broad and inclusive. A pecuniary value might be set upon the exertion made by a friend who made a friendly call, and while there gave the patient a drink of water, which aided in effecting a cure, and was quite necessary at the time of administration. A pecuniary value might be placed upon any gratuitous service. The instruction is erroneous because of the statement quoted.

Error is claimed by the admission, over objection, of evidence by a police officer concerning admissions made by appellee Kimberlin by his evidence given at the trial wherein he was charged with a misdemeanor, and which evidence by Kimberlin was given in the presence of one of the appellants, and, if true and admissible here, might tend to prove the liability of appellants. This evidence has been fully considered in connection with instruction No. 2, for which reason it need not be discussed further now. The action of the court in overruling plaintiff's objection to the question which elicited this admission was error. *Broyles* v. *State, ex rel., supra;* 1 Greenleaf, Evidence (15th ed.) §197, note 1; *Ft. Wayne, etc., Traction Co.* v. *Crosbie* (1907), 169 Ind. 281, 81 N. E. 474.

It is proper here to say that appellees did not file a brief upon the merits of the case on appeal.

Because of the errors which occurred at the trial, it is held that the verdict is contrary to law.

Case remanded, and the Johnson Circuit Court is ordered to sustain appellants' motion for a new trial.

Judgment reversed.