MILES v. STATE OF INDIANA.

[No. 23,749. Filed December 14, 1920.]

1. INDICTMENT AND INFORMATION.—*Motion to Quash.*—*Good Against Ground Alleged.*—It is not error to overrule a motion to quash when the indictment is good as against the only challenge made, that it did not state facts sufficient to constitute a public offense. p. 693.

2. CRIMINAL LAW.—*Motion in Arrest.*—Where a motion to quash an indictment has been properly overruled, a motion in arrest of judgment governed by the same reasons is also properly overruled. p. 693.

Miles *v.* State—189 Ind. 691.

3. CRIMINAL LAW.— *Appeal.— Briefs. — Evidence.'— Sufficiency. —*
Where appellant by his brief expressly admits the existence of
some evidence to sustain every essential element of the crime
charged, the consideration of the sufficiency of the evidence to
sustain the verdict is eliminated.   p. 693.

4. HIGHWAYS.—*Motor Vehicles.—Statute Regulating Use.*—The re-
quirement of §10476c Burns 1914, Acts 1913 p. 779, §16, is that
drivers of motor vehicles on highways shall operate them at all
places and under all conditions at such a rate of speed and in
such a manner as a person of ordinary prudence would adopt in
operating a similar motor vehicle under like conditions, having
regard to traffic conditions and the use of the way, and to the
probable danger to the persons and property of others, and any
speed in excess thereof is forbidden.   p. 696.

5. STATUTES.—*Highways.—Motor Vehicles.—Ordinary Care.*—The
duty to exercise ordinary care imposed by the common law upon
drivers of motor vehicles is not changed or enlarged by §10476c
Burns 1914, Acts 1913 p. 779, §16, which in this respect con-
forms to and is declaratory of the rules previously stated and
applied at common law.   p. 697.

6. .HIGHWAYS.—*Motor Vehicles.—Speed.—Presumptions.*—Proof of
facts which, under §10476c Burns 1914, §16, Acts 1913 p. 779, are
sufficient to constitute *prima facie* evidence of a negligent rate
of speed, give rise to a presumption of that fact, but such pre-
sumption is rebuttable by evidence.   p. 698.

7. HOMICIDE.—*Motor Vehicle.—Unlawful Speed.—Instructions.*—In-
structions in a manslaughter case instructing that.a certain rate
of speed on a highway, by an automobile driver, which, under
§10476c Burns 1914, Acts 1913 p. 779, §16, creates only a rebut-
table presumption of a negligent rate of speed, is unlawful, or
from which the jury would understand that such statute fixed
a rate of speed which could not be exceeded without a violation
of the statute, are erroneous and prejudicial.   p. 699.

8. CRIMINAL LAW.—*Instructions.—Conflict.*—Error in instructions
given in a criminal case is not cured by giving a correct instruc-
tion stating a principle in direct conflict with that stated in them.
p. 699.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Prosecution by the State of Indiana against Fred
B. Miles. From a judgment of conviction, the defend-
ant appeals. *Reversed.*

*Leonard, Rose & Zollars* and *Colerick & Hogan,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

LAIRY, J.—Appellant was charged by an indictment in one count with the crime of involuntary manslaughter. A trial resulted in a verdict of guilty, and judgment was rendered on the verdict. From the judgment so rendered this appeal is prosecuted.

A motion to quash the indictment on the ground that it did not state facts sufficient to constitute a public offense was filed and overruled. This ruling is assigned as error. The indictment does state sufficient facts to constitute a public offense; and, as it was not challenged on other grounds by the motion to quash, the trial court did not err in overruling such motion.

For the reasons just stated, no error was committed in overruling appellant's motion in arrest of judgment.

The action of the trial court in overruling appellant's motion for a new trial is the only other error assigned. Appellant by his brief waives all specifications of this motion relating to the admission and exclusion of evidence, and expressly admits that there is some evidence to sustain every essential element of the crime charged. This eliminates the consideration of the specifications of the motion challenging the sufficiency of the evidence to sustain the verdict.

Appellant earnestly presents for consideration the rulings of the trial court in giving certain instructions to the jury and in refusing to give certain instructions tendered by appellant. It is asserted that

some of the instructions given do not correctly state
the law applicable to the evidence, and that the jury
was misled thereby to the prejudice of appellant. Ap-
pellant directs his objections particularly to instruc-
tions Nos. 8, 9 and 10, given by the court at the
request of the state, which instructions are set out in
full:

No. 8—"If you find from the evidence in this cause
that the defendant at the time the offense charged
was committed, if it was committed, was driving an
automobile on a public highway outside of any incor-
porated city, town or village, at a rate of speed ex-
ceeding that specified by law, and at such a rate of
speed as would endanger the safety of others using
such highway, and in reckless disregard of the prob-
able consequence thereof, and knew or should have
known that said rate of speed having regard to the
traffic and use of such highway would endanger the
safety of others, then I instruct you that you would
be authorized, in such case, to find that the defendant
intended to commit the injury, if any, resulting from
such conduct."

No. 9—"If you find from the evidence that the
defendant was operating or driving an automobile on
a public highway outside of any incorporated city,
town or village, at a speed greater than 25 miles per
hour, then I instruct you that such speed was unlaw-
ful, and if you further find, from the evidence, that by
reason of such unlawful speed, if you so find, a col-
lision occurred proximately causing the death of one
William C. Barton, then you would be authorized to
find the defendant guilty as charged."

No. 10—"The States is not required to prove that
the defendant was driving his automobile at a speed

of fifty miles per hour but it will be sufficient if you find from the evidence either, that at the time of the collision the defendant was driving or operating the automobile in question at a speed greater than that permitted by law or at a speed greater than was reasonable or prudent having regard to the traffic and use of the way and such as to endanger the life or limb or property of any person using such highway.''

These instructions are apparently based on §10476c Burns 1914, Acts 1913 p. 779. This section reads as follows: ''No person shall drive or operate a motor vehicle or motor bicycle upon any public highway in the state at a speed greater than is reasonable or prudent, having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person. If the rate of speed of any motor vehicle or motor bicycle operated upon any public highway or other place in this state where the same passes through the closely built up business portion of any incorporated city, town or village exceeds ten (10) miles an hour or if the rate of speed of any motor vehicle or motor bicycle operated or driven on any public highway in the state where the same passes through the residence portion of any incorporated city, town or village exceeds fifteen (15) miles an hour or if the rate of speed of any motor vehicle or motor bicycle operated on any public highway in this state outside the closely built up business portions and the residence portions within any incorporated city, town or village exceeds twenty (20) miles an hour or upon any public highway outside of the limits of an incorporated city or town or village if the rate of speed exceed twenty-five (25) miles per hour, such rate of speed shall be *prima facie* evi-

dence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable and prudent having regard to the traffic and use of the way or so to endanger the life or limb or injure the property of any person. If the rate of speed  *  *  *  of a motor vehicle or motor bicycle operated or driven on any public highway or other public place in this state in going around a corner or curve in a highway or other public place where the operator's view of the road traffic is obstructed exceeds six (6) miles an hour, such rate of speed shall be *prima facie* evidence that the person operating or driving such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable and having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person: Provided, That the local authorities may set aside for a given time a specified public highway for speed contests or races, to be conducted under proper restrictions for the safety of the public.''

When reduced to the last analysis, the provisions of this statute require that drivers of all motor vehicles or motor bicycles on the highways of the state shall operate them at all places and under all conditions at such a rate of speed and in such a manner as a person of ordinary prudence would adopt in operating a similar motor vehicle, under like conditions, having regard to traffic conditions and the use of the way and to the probable danger to the persons and property of others. Any speed in excess of that which is reasonable and prudent, having regard to traffic and the use of the way and to the probable danger to the person and

property of others, is forbidden. By §19 of the act (§10476f Burns 1914, Acts 1913 p. 779) the violation of any provision of the section quoted is declared to be a misdemeanor punishable by a fine not exceeding $100.

At common law a person driving or controlling any kind of conveyance or vehicle on a public highway was required to exercise ordinary care for the safety of others on the highway. Due care at common law was such care as a person of ordinary prudence would exercise under like conditions and circumstances.

The common law required the driver to take into consideration all of the surrounding and attending conditions and circumstances, including the traffic and use of the way and the danger to life and limb and to the property of others as specifically mentioned in the statute; and that he must control his speed and regulate his conduct in driving or operating the vehicle in such a way as to comport with the manner in which a person of ordinary prudence would operate a similar vehicle under like conditions and circumstances. It thus appears that the duty to exercise ordinary care imposed by common law as the same applies to drivers of motor vehicles was not changed or enlarged by the statute quoted. In so far as a statute conforms to the common law, it is simply declaratory of the rules as they were previously stated and applied under the common law, and such affirmatory part of the statute cannot be given any other force or effect. *Baker* v. *Baker* (1859), 13 Cal. 87; *Cumberland Tel., etc., Co.* v. *Kelly* (1908), 160 Fed. 316, 87 C. C. A. 268, 15 Ann. Cas. 1210; 2 Lewis' Sutherland, Statutory Construction (2d ed.) §§329,

330, 331; *Monteith* v. *Kokomo Wood, etc., Co.* (1902), 159 Ind. 149, 64 N. E. 610, 58 L. R. A. 944.

If the legislature has power to make common-law negligence in the operation of a motor-driven vehicle a misdemeanor without specifying the particular act or acts of negligence which constitute the offense, §19 of the act, taken in connection with the section quoted, has that effect. This question the court does not decide, for the reason that it is not presented, and for the further reason that the conclusion reached is not dependent on the decision of that question.

That part of the section quoted which provides that, if the rate of speed of a motor vehicle on a highway exceeds ten miles an hour within the closely built-up portion of a city, town, or village, or if such speed exceeds fifteen miles an hour within the residence portion of such city, town, or village, or if such speed exceeds twenty miles an hour within the corporate limits of such city, town, or village, but outside of the built-up business or residence section thereof, or if such rate of speed exceeds twenty-five miles an hour on any highway outside of any incorporated city, town, or village, such facts, when proved, shall constitute *prima facie* evidence that the operator of such motor vehicle was driving at a negligent rate of speed, has the effect to declare, as a matter of law, that proof of a rate of speed in excess of that specified, in connection with proof of the fact that the motor vehicle was being operated within the limits to which such rate of speed applies as described in the statute, shall be sufficient to require the inference that the operator was driving at a negligent rate of speed, in the absence of any evidence with reference to attending conditions and cir-

cumstances or other facts from which an opposite inference might be reasonably drawn. Proof of the facts which under the statute are sufficient to constitute *prima facie* evidence of negligence does not conclusively establish the fact that the car was not being operated at a rate of speed and in a manner that a person of ordinary prudence would have operated it under like circumstances and conditions. Such proof gives rise to a presumption of that fact, but such presumption can be rebutted by evidence. Where evidence has been introduced to rebut the presumption created by proof of the facts constituting *prima facie* evidence, the court cannot ordinarily instruct the jury that such *prima facie* evidence justifies it in finding that the motor vehicle was operated at an unlawful rate of speed. The jury should generally be permitted to determine whether it was so or not from a consideration of all the evidence.

In view of the foregoing discussion, it is apparent that the ninth instruction is erroneous, and that the giving of such instruction was clearly prejudicial to the rights of appellant. The eighth instruction is not so objectionable as the ninth, but it contains an expression by the court from which the jury would understand that the statute quoted fixed a rate of speed which could not be exceeded without a violation of the statute. What has been said in reference to the eighth instruction applies with greater force to the tenth. Both of these instructions were erroneous and neither of them should have been given.

In so far as instruction No. 22, given at the request of appellant, bears on the question under considera-

tion, the principle therein stated is correct; 8. but it is in direct conflict with the principle stated in the instructions set out and held to be erroneous. The giving of that instruction did not cure the error in the instructions set out. *Pittsburgh, etc., R. Co.* v. *Wright, Exr.* (1881), 80 Ind. 236; *Wenning* v. *Teeple* (1896), 144 Ind. 189, 41 N. E. 600.

Several other questions, based on the action of the court in giving and refusing instructions, are presented. These questions are not discussed, for the reason that the law applicable to most of the questions so presented has been discussed in an opinion recently handed down by this court. *Dunville* v. *State* (1919), 188 Ind. 373, 123 N. E. 689.

The court is of the opinion that a consideration of the principles of law stated in the case last cited and those set out in this opinion will prevent error in a retrial of this case.

The trial court erred in overruling appellant's motion for a new trial. Judgment reversed, with instructions to sustain such motion and for other proceedings not inconsistent with this opinion.