BOND, ADMINISTRATOR *v.* COATS.

[No. 15,162. Filed February 19, 1936.]

*Funkhouser & Funkhouser, Frank Self* and *L. O. O'Bannon,* for appellant.

*Slaymaker, Merrill & Locke* and *Hugh E. Reynolds,* for appellee.

WOOD, J.—Appellant, as administrator of the estate of Lucy Reed, deceased, brought two separate actions against the appellee, one for the recovery of damages to decedent's automobile, and the other for damages sustained because of her death, both resulting from the same collision of the automobile of appellant's decedent, while being driven and operated by decedent, with a truck owned and operated by appellee on United States Highway No. 31, at a point about four miles south of Columbus, Indiana.

The issues in each of the causes of action consisted of an amended complaint in three paragraphs, each alleging the same facts except in the one case the facts alleging damages related to the automobile, which damages occurred without negligence of decedent, while in the other the facts alleged damages sustained by reason of her death caused by the wrongful acts of appellee.

The first paragraph of each complaint was predicated upon the theory of the violation of the provisions of sec. 47-514, Burns 1933, sec. 11167, Baldwin's Ind. St. 1934, in that when about to meet the automobile driven by appellant's decedent appellee negligently drove his motor truck to the left of the center line of said highway and into the path of decedent's automobile, thus causing the accident resulting in the injuries complained of.

The second paragraph of each complaint was predicated upon the theory of the violation of the provisions of sec. 47-516, Burns 1933, sec. 11169, Baldwin's Ind. St. 1934, in that the appellee negligently operated his motor

truck upon a public highway by driving the same at a high and dangerous rate of speed and at a speed greater than was reasonable or prudent, having regard to the width of the highway, density of the traffic and at such a rate of speed as to endanger the life and property of appellant's decedent and other persons then using the highway, thus causing the accident resulting in the injuries complained of. The third paragraph of each complaint was predicated upon the theory of the violation of the provisions of sec. 47-515, Burns 1933, sec. 11168, Baldwin's Ind. St. 1934, in that the appellee negligently attempted to drive his motor truck in a northerly direction past an automobile parked on the east side of the highway at a time when appellant's decedent was approaching said parked automobile from the north in her automobile, at a point within a distance less than five hundred feet from said parked automobile, thus causing the accident resulting in the injuries complained of.

The issues were closed by an answer in general denial to each amended complaint. These two actions were consolidated, and tried to a jury at the same time in the lower court, resulting in a verdict in favor of the appellee. Within proper time appellant filed a motion for a new trial in each action, which was overruled. Judgment was then rendered upon the verdict in favor of the appellee. Appellant appeals, assigning as error for reversal, the overruling of his motion for new trial in· each action. The appellant alleges as causes for a new trial in both actions that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. These two causes for a new trial are not discussed in appellant's brief and are therefore waived. In the action seeking damages for injury to the automobile he also alleges as cause for a new trial the giving of instructions Nos. 2, 3, and 4 requested by the appellee. Any error based upon the giving of said instruction No. 2, is waived by appellant

for failure to discuss it in his brief. In the action seeking damages for death of his decedent, appellant also alleges as cause for a new trial the giving of instructions numbered 2, 3, 4, 5, 6, 8, 9, 10, 12, 13, 15, and 16 requested by appellee. Appellant has waived any error based upon the giving of any of said instructions except numbers 4, 6, 8, 9, 10, and 16 for failure to discuss them in his brief.

Appellant does not complain of the giving of any of these instructions because they contain incorrect statements of law, but contends that they were not applicable to the issues joined and the evidence submitted in proof thereof in the two actions, both of which were based entirely upon the violation of statutes of the state relating to and regulating the use of public highways by motor vehicles, and not upon negligence at common law; that said instructions were only applicable in actions based upon negligence at common law.

Whether if, under the issues joined and proof submitted in support thereof, there had been no conflict in the evidence, appellant's contention would be tenable is a question we are not called upon to decide, for the evidence was in sharp conflict on every material issue.

As heretofore stated, the second paragraph of each of the complaints on which the actions were tried was predicated upon a violation of the provisions of sec. 47-516, Burns 1933, sec. 11169, Baldwin's Statute 1934, which "is simply declaratory of the rules as they were previously stated and applied under the common law, and such affirmatory part of the statute cannot be given any other force and effect." *Miles* v. *State* (1920), 189 Ind. 691, 127 N. E. 10. So it must follow as a necessary conclusion that the giving of the instructions of which complaint is made was not error.

Judgment affirmed.