CONDER *v.* GRIFFITH.

[No. 8,981. Filed March 10, 1916.]

1. NEGLIGENCE. — *Driving Automobile.* — *Violation of Statute.* — *Instructions.*—Where the complaint charged negligence in the driving of an automobile east on the left side of the street and at the rate of twenty miles an hour in violation of the State law, so as to strike and injure plaintiff as he stepped from in front of a standing street car which was facing east, an instruction, based on §10468 Burns 1908, Acts 1907 p. 558, advising the jury that the law provides that any person operating a motor vehicle upon meeting a person riding, leading or driving a horse, etc., upon any public highway, shall not operate it at a speed exceeding six miles an hour, and that a violation of the statute constituted negligence for which defendant was liable, if plaintiff was free from contributory negligence, was erroneous, since the provisions of the statute referred to had no application to the case. p. 221.

2. NEGLIGENCE.—*Driving Automobile.—Violation of Ordinance.—Evidence.—Instructions.—Jury Question.*—Under a charge of negligence in driving an automobile east on the left side of the street in violation of a city ordinance making it unlawful for vehicles to be driven over and along the left side of any street and requiring riders and drivers to "keep as nearly as practicable to the right side of the street", thereby causing such automobile to strike plaintiff as he stepped to the left side of the street from in front of a standing

street car which was facing east, an instruction that the violation of such ordinance was negligence for which plaintiff could recover in the absence of contributory negligence, was erroneous in view of evidence showing that the street car was not at a regular stopping place and that the portion of the street to the right was blocked by a lumber wagon, since under such circumstances it was for the jury to determine whether it was practicable for defendant to pass on the right, and if not practicable his driving to the left was not actionable negligence.   p. 222.

3.   WORDS AND PHRASES.—"*Vehicle*".—The word "vehicle" as used in statutes or ordinances regulating traffic, means any carriage or conveyance used or capable of being used as a means of transportation on land, but ordinarily does not include locomotives, cars and street cars operated over a permanent track in the absence of an intention to that effect clearly expressed.   p. 223.

4.   TRIAL.—*Instructions.*—*Requisites.*—Instructions should not only state correct principles of law but they should also be applicable to the issues and facts.   p. 223.

5.   NEGLIGENCE.—*Violation of Statute or Ordinance.*—*Negligence Per Se.*—*Exceptions.*—As a general rule the violation of a statute or ordinance which is the proximate cause of an injury is negligence *per se,* but there may be facts and circumstances which will excuse a technical violation and render it improper for the court to declare as a matter of law that such violation constitutes actionable negligence.   p. 223.

6.   STATUTES. — *Ordinances.* — *Traffic Regulations.* — *Construction.* —Statutes and ordinances regulating traffic in public streets or highways should receive a reasonable construction consistent with the purpose of their enactment and the practical difficulties that arise in their application to particular cases.   p. 224.

From Superior Court of Marion County (91,108); *Pliny W. Bartholomew,* Judge.

Action by Howard Griffith against Croel P. Conder. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Earl R. Conder,* for appellant.
*M. L. Clawson,* for appellee.

FELT, P. J.—This is an appeal from a judgment obtained by appellee against appellant for personal injuries, alleged to have been caused by appellant's negligence in driving his automobile into and against appellee while he was crossing a street in the city of

Indianapolis.  The errors assigned and relied on for reversal are, the overruling of appellant's motions for judgment on the answers to interrogatories and for a new trial.

The complaint was in two paragraphs on which issues were joined by general denial.  The facts disclosed by the complaint are as follows:  On May 1, 1912, appellee was employed by the Indianapolis Traction and Terminal Company, as a motorman. The company owned and operated a double-track car line running east and west on East 10th Street, in the city of Indianapolis.  The south track was used by east bound cars and the north track by west bound cars.  On the day in question appellee was operating an east bound car and stopped it opposite a fire-engine house located on the north side of the street.  When the car stopped he alighted and started to cross in front of the street car on his way to the engine house when appellant approached from the west and collided with him.  The negligence charged in each paragraph of complaint is that appellant negligently and carelessly drove his automobile on the north side of said street and negligently and carelessly, and in violation of the State law, drove the automobile east on the left side of the street and at the rate of twenty miles an hour, and without knowledge or warning, ran against, upon and over appellee thereby inflicting the injuries of which he complains.  The first paragraph also charges that such conduct was in violation of a certain ordinance of the city of Indianapolis, then in full force and effect, which provides that it shall be unlawful for all riders and drivers of vehicles whether such vehicles are drawn or propelled by animal or other power, to ride or drive on, over and along the middle, or on, over and along the left side of any street in the city of Indianapolis, except in the necessary act of cross-

ing the same, or of passing a vehicle going in the same direction; that all such riders and drivers shall keep as nearly as practicable to the right of such street, but the provisions of this section shall not apply to street railways. That any such person using any of the streets of the city of Indianapolis when met by any other vehicles, shall keep to the right, and when overtaken by any vehicle shall likewise keep to the right, allowing such rider or driver to pass him to the left, so as to permit such vehicles to pass free and uninterrupted.

Under the assignment that the court erred ·in overruling appellant's motion for a new trial, appellant contends that the court erred in giving to the jury instruction No. 11 which is as follows: "It is provided by the law of our State as follows: That any person or persons operating a motor vehicle, shall, upon meeting any person or persons riding, leading, or driving a horse, horses, or other draft animals, or other farm animals on any public highway, not operate it at a speed to exceed six miles an hour. A violation of this law is negligence, and if you find from a fair preponderance of the evidence in this case that the defendant violated this law and that the plaintiff did not contribute to his injury in any degree by his want of ordinary care and prudence, and such want of care and negligence was the proximate cause of plaintiff's injury then your finding should be for the plaintiff." The act of 1907 (Acts 1907 p. 558, §10468 Burns 1908), in force when the alleged injury was received, provides as follows: "That any person or persons operating a motor vehicle shall, upon meeting any person or persons riding, leading or driving a horse, horses or other draft animals or other farm animals on any public highway, proceed at a speed not to exceed six miles per hour until past such horses, or other draft animals or other

farm animals, and upon request or signal by putting up the hand from any such person or persons so riding, leading or driving any horse, horses or other draft animals or other farm animals (if in sufficient light for such signal to be perceptible) immediately bring his motor vehicle to a stop and remain stationary so long as may be reasonable to allow such horse, horses or other draft animals or other farm animals to pass." Another section of the statute then in force limited the speed of automobiles to eight miles an hour in the business and closely built up part of the city and to fifteen miles per hour in other portions of the city. The complaint charges that appellant was operating his automobile in violation of the State law, and that the court by instruction No. 11 told the jury that he was negligent if he violated the foregoing statute which limits speed to six miles per hour under the conditions specified; that if such negligence was the proximate cause of appellant's injury he could recover, if he was not himself guilty of contributory negligence. The provisions of the statute referred to in the instruction have no application to the case made by the complaint or the evidence and it was therefore error to give the instruction. *Baltimore, etc., R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 285, 100 N. E. 674; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 31, 25 N. E. 156; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 107, 97 N. E. 320.

Instruction No. 12 given by the trial court relates to certain provisions of the city ordinance mentioned in the complaint, to the effect that it

2.    shall be unlawful for vehicles drawn by animal or other power to ride or drive on, over and along the middle or on, over and along the left side of any street, etc., "except in the necessary act of crossing the same or passing a vehicle going in the

same direction; and all such riders and drivers shall keep as nearly as practicable to the right side of the street, but the provision of this section shall not apply to street railways." A vehicle is any carriage or conveyance used or capable of being used

3. as a means of transportation on land. The word "vehicle" will not ordinarily include locomotives, cars and street cars which run and are operated only over and upon a permanent track, or fixed way, and it will not be held to include them unless the context of the ordinance or statute clearly indicates an intention to do so. 8 Words and Phrases 7284; Century Dict. "Vehicle"; *Whitaker* v. *Eighth Ave. R. Co.* (1873), 51 N. Y. 295, 298; *Heib* v. *Town of Big Flats* (1901), 66 App. Div. 88, 73 N. Y. Supp. 86, 87; *Baltimore, etc., R. Co.* v. *District of Columbia* (1897), 10 App. Cas. (U. S.) 111, 120; *Duckwall* v. *City of New Albany* (1865), 25 Ind. 283, 286; *Mercer* v. *Corbin* (1889), 117 Ind. 450, 454, 20 N. E. 132, 10 Am. St. 76, 3 L. R. A. 221.

2. The court told the jury that a violation of this ordinance by appellant was negligence and, if such negligence was the proximate cause of appellee's injury, he could recover unless he was guilty of negligence contributing to his injury. The undisputed evidence shows that when the street car stopped at the engine house, which was not a regular stop for taking on and discharging passengers, the passageway on the right or south side of the street was blocked by a lumber wagon at the time opposite the street car. Instructions should not only state correct principles of law but they should be

4. applicable to the issues and facts of the particular case in which they are given. Instruction No. 12 states correctly an abstract proposition of law, for the general rule is that the violation of a statute or ordinance which is the

5.

proximate cause of an injury is negligence *per se.*
*Hamilton, Harris & Co.* v. *Larrimer* (1915), 183 Ind.
429, 105 N. E. 43; *Cincinnati, etc., R. Co.* v. *Butler*
(1885), 103 Ind. 31, 37, 2 N. E. 138; *Cincinnati,
etc., R. Co.* v. *Hiltzhauer* (1885), 99 Ind. 486, 487;
*Louisville, etc., R. Co.* v. *Davis* (1893), 7 Ind. App.
222, 232, 33 N. E. 451.   While the general rule is as
above stated, and the violation of such statute or
ordinance is *prima facie* negligence *per se,* never-
theless there may be facts and circumstances which
will excuse a technical violation of an ordinance or
statute and render it improper for the court to
declare as a matter of law that such violation con-
stitutes actionable negligence.   It may be said that
facts which will excuse such technical violation must
result from causes or things beyond the control of the
person charged with the violation.   In such instances
there may or may not be actionable negligence and
it is a question of fact, to be determined by the court
or jury trying the case, from all the facts and cir-
cumstances shown by the evidence, (1) whether
there was a sufficient and reasonable excuse for such
violation, and (2) whether in doing, or omitting the
act complained of, the defendant was in fact guilty
of actionable negligence.   We do not find any direct
authority for so stating the foregoing exception to
the general rule that the violation of a statute, or
ordinance resulting in an injury, is negligence *per se,*
but reasoning by analogy, and on principle, such
exception should be recognized, is reasonable, and
tends to promote justice and the practical enforce-
ment of the spirit and purpose of the statutes and
ordinances to which reference is made.   Such ordi-
nances and statutes as the one now under con-
6.   sideration should receive a reasonable con-
struction consistent with the purpose of their

enactment and the practical difficulties that arise in their application to particular cases.

In the case at bar, the undisputed fact of the obstruction on the south side of the street opposite the street car should have been taken into 2. account and the question should have been submitted to the jury to determine as a question of fact, (1) whether under the circumstances appellant had a reasonable excuse for driving on the left side of the car contrary to the provisions of the ordinance, and if so, whether in so doing he exercised reasonable and ordinary care for the safety of others upon the street. In *Indianapolis St. R. Co.* v. *Slifer* (1905), 35 Ind. App. 700, 74 N. E. 19, this court considered a case involving the ordinance now under consideration and after setting out its provisions said: "The court instructed the jury that if it found such ordinance to have been in force, and that at the time of the accident appellee was traveling upon the left side of the street in violation thereof, then he would be guilty of such contributory negligence as would bar his recovery for damages received while thus violating such ordinance and received in consequence of such violation, unless it should also find that the right side of the street was in such condition as to render it impracticable or unsafe to travel thereon, in which case he would not be chargeable with negligence solely because he was traveling on the left side of the street. The ordinance required drivers of vehicles 'to keep as nearly as practicable to the right side of such street.' If appellee did this, there was no violation either of the letter or the spirit of the ordinance. The ordinance itself contemplated conditions under which its observance would not be practicable. Whether he did it or not was, under the evidence, a question of

fact." As bearing somewhat on the question by analogy, see, also, *Young* v. *Citizens St. R. Co.* (1897), 148 Ind. 54, 63, 44 N. E. 927, 47 N. E. 142; *Marsh* v. *Boyden* (1912), 33 R. I. 519, 524, 82 Atl. 393, 40 L. R. A. (N. S.) 582; *Siddall* v. *Jansen* (1897), 168 Ill. 43, 48 N. E. 191, 39 L. R. A. 112, 114; 29 Cyc 436; 1 Thompson, Negligence §§1289, 1290, 1306, 1307.

We have examined the answers to the interrogatories and do not think the court erred in overruling the motion for judgment thereon. In any event, on the record presented, we think the ends of justice will be subserved by ordering a new trial of the case. The judgment is therefore reversed with instructions to sustain appellant's motion for a new trial. Ibach, C. J., Caldwell, Moran, Hottel and Shea, JJ., concur.

Note.—Reported in 111 N. E. 816. As to temporary street obstructions and encroachments, see 107 Am. St. 248. As to statutory duty and liability of person operating automobile in street, see 1 L. R. A. (N. S.) 223; 4 L. R. A. (N. S.) 1130. As to effect of violation of statute or ordinance regulating speed limit of automobiles in street, as negligence, see 25 L. R. A. (N. S.) 40. As to violation of statute or ordinance not intended for plaintiff's benefit as actionable negligence, see 9 Ann. Cas. 427; Ann. Cas. 1912 D 1106. As to rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648. See, also, under (1) 28 Cyc 646; (2) 29 Cyc 645; (3) 39 Cyc 1125; (4) 38 Cyc 1612; (5) 29 Cyc 436, 439; (6) 36 Cyc 1110.