RENTSCHLER *v.* HALL

[No. 17,506. Filed November 21, 1946. Rehearing Denied January 10, 1947. Transfer Denied February 25, 1947.]

256

*Russell J. Wildman,* of Peru, and *Selden J. Brown,* of Rochester, for appellant.

*Charles C. Campbell* and *Arthur Metzler,* both of Rochester, for appellee.

DRAPER, J.—The appellee, in an action brought by his father and next friend, recovered a judgment against the appellant for damages on account of personal injuries sustained in an automobile accident.

From the evidence most favorable to the appellee it could be found or logically inferred that he, a boy about seven years and six months of age, was walking east on the north edge of a hard top county road on the afternoon of a clear, bright day. The appellant, overtaking him in an automobile, sounded the horn when about 200 feet away. He looked back and the appellant

tried to apply the brakes which resulted in causing her automobile to swerve back and forth two or three times from one side of the road to the other. The boy, seemingly frightened and attempting to dodge the car, veered into the road a foot or two, then ran to the fence on the north side of the right of way, along the fence five or six feet, then angled across the road in front of appellant's oncoming automobile. The car struck him, on the south side of the road, breaking his leg and causing other less serious injuries. Just prior to the accident the appellant was driving the automobile 40 to 45 miles per hour and was going about 30 miles per hour when the boy was struck.

The complaint alleges negligence in that the appellant was driving at a dangerous, careless and reckless rate of speed, to-wit: 50 miles per hour, at a time when the brakes of said automobile were not in condition to stop said automobile within a reasonable distance; that as the appellant closely approached the appellee she carelessly and negligently sounded the horn in a loud and reckless manner, frightening the appellee so that he crossed the road, and that while he was so crossing she carelessly and negligently accelerated the speed of the automobile in an attempt to pass the appellee before he could completely cross the traveled portion of the road.

Error is predicated solely upon the giving and the refusal of certain instructions.

Appellee tendered Instruction No. 18, given by the court, which reads as follows:

> "A statute of the State of Indiana, in full force and effect at the time of the accident in controversy, provided that 'every motor vehicle other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle.' I charge you that if you find from the evidence that

at the time of the accident in controversy the defendant was operating upon a public highway an automobile which was not equipped with brakes adequate to control its movement and to stop and hold it, she was guilty of negligence as a matter of law, and if as the proximate result thereof the plaintiff was injured while in the exercise of such care as a person of his age, experience and intelligence would have exercised under the same or like circumstances, he is entitled to recover in this action such damages as you may find he has thereby sustained."

The statute referred to in the instruction (§ 47-2228, Burns' 1940 Replacement) provides that "every vehicle, . . . when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle." The appellant insists that a violation of that statute is only *prima facie* evidence of negligence; that all other circumstances in evidence must be considered in determining the question of negligence, and that in any event the court invaded the province of the jury in telling them that a violation of this statute was negligence "as a matter of law" rather than negligence *"per se."*

For many years it has been the law in Indiana, as it has in a majority of the states, that the violation of a statutory duty ordinarily constitutes negligence *per se*, and not, as is the minority view, that such a violation can amount only to a circumstance to be considered, with other circumstances, on the question of negligence, or that such a violation is at most *prima facie* evidence thereof. *Gagle* v. *Heath* (1944), 114 Ind. App. 566, 53 N. E. (2d) 547.

To sustain her position that the violation of the statute was only *prima facie* evidence of negligence in this case, the appellant cites *Miles* v. *State* (1920), 189 Ind. 691, 129 N. E. 10; *Buchanan* v. *Morris* (1926), 198

Ind. 79, 151 N. E. 385 and *Conder* v. *Griffith* (1915), 61 Ind. App. 218, 111 N. E. 816. In the Miles case the court was not dealing with a statute which made certain speeds at certain places unlawful. It was dealing with a statute which made certain speeds at certain places *prima facie* evidence that the vehicle was being operated at a speed greater than was reasonable and prudent under all of the circumstances, and whether the speed at which the vehicle was being operated was in fact unlawful, could only be determined by a consideration of all the surrounding circumstances. The jury was told, in effect, that proof of the operation of a vehicle at speeds greater than those mentioned in the statute was a violation of the law. In holding the instruction erroneous, our Supreme Court pointed out that proof of such speeds, under the wording of the statute, was sufficient only to require an inference or give rise to a rebuttable presumption of a violation of the statute, and the court said: "Where evidence has been introduced to rebut the presumption created by proof of the facts constituting *prima facie* evidence, the court cannot ordinarily instruct the jury that such *prima facie* evidence justifies it in finding that the motor vehicle was operated at an unlawful rate of speed. The jury should generally be permitted to determine whether it was so or not from a consideration of all the evidence." The instruction under consideration in *Buchanan* v. *Morris, supra* was similar, and was held bad on the authority of the Miles case *supra*. We are not here dealing with such a statute. We are dealing with a statute which makes the operation of a motor vehicle equipped with inadequate brakes a violation of the law, and not *prima facie* evidence of the violation thereof.

In *Conder* v. *Griffith, supra,* this court was dealing with a city ordinance which forbade the driving of a

vehicle on the left side of any street unless in the necessary act of crossing it or passing a vehicle going in the same direction. The defendant in that case drove to the left side because the passageway on the right hand side was blocked. The jury was instructed that a violation of that statute was negligence and, if such negligence was the proximate cause of the plaintiff's injury he could recover unless he was guilty of negligence contributing to his injury.

In disposing of that case this court approved the instruction as an abstract proposition of law but stated that instructions should not only state correct principles of law but should be applicable to the issues and facts of the particular case in which they are given. We there recognized that there may be facts and circumstances in a particular case which would excuse à technical violation of an ordinance or statute, and render it improper for the court to declare as a matter of law that such violation constitutes actionable negligence. We there held that under the facts in that case the jury should have been permitted to determine whether the defendant had a reasonable excuse for driving on the left side of the road, and whether in so doing he exercised reasonable and ordinary care for the safety of others. The principle therein announced was recognized by our Supreme Court in *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. (2d) 944.

In this case the appellant offered testimony to the effect that the brakes were adequate and in good working order and would stop and hold the automobile. On the other hand a witness who drove the automobile to take the boy from the scene of the accident to the hospital immediately after the accident occurred, testified that the brakes did not work; that he had to pump them quite a bit so that they would take hold. Thus under

264

the evidence the only question that arose with regard to brakes was whether the appellant did or did not have sufficient brakes under the statute, and this question was submitted to the jury to decide. There were no facts or circumstances in evidence tending to show a technical violation of the statute or tending to excuse such a violation, and therefore, no occasion to submit to the jury the question as to whether the appellant had a reasonable excuse for violating it. We believe, as said in *Conder* v. *Griffith, supra,* that the rule announced in that case is a reasonable one and will tend to promote justice and the practical enforcement of the spirit and purpose of such statutes and ordinances, but that rule has no application to the case at bar.

The courts of many states have said that the violation of a statutory duty constitutes negligence "as a matter of law." This court, in *Pennsylvania Railroad Co.* v. *Huss* (1933), 96 Ind. App. 71, 180 N. E. 919, said the violation of a statute governing the operation of motor vehicles was negligence "as a matter of law," and our Supreme Court, in *Jones* v. *Cary, supra,* said that for a driver to drive to the left of the center of the highway in violation of a statute without any excuse or reason, constituted negligence "as a matter of law." Thus, the expressions *"per se"* and "as a matter of law" have been regarded as substantially interchangeable. We realize it is not every correct statement of the law as announced by the courts that may properly find its way into an instruction to the jury. But we feel that the ordinary jury would probably not understand the meaning of *"per se,"* and in our opinion the shade of meaning between the two expressions is not sufficiently great, when embodied in an instruction, as to be prejudicial, and we so hold.

While it is a general rule that the judge has no right to tell the jury in what manner it shall consider the evidence or what weight shall be given it, it is nevertheless the court's duty to instruct the jury as to the law applicable to the case and as to the legal effect of evidence offered to the jury. By this instruction the court did no more.

Appellee's tendered Instruction No. 20, given by the court, reads as follows:

"A statute of the state of Indiana, in full force and effect at the time of the accident in controversy, provided as follows: No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care. If you find from the evidence that the defendant, at the time and place in controversy, violated the provisions which I have quoted and that the plaintiff was injured as the proximate result thereof, while in the exercise of such care as a reasonable prudent person of his age, intelligence and experience would have exercised under the same or like circumstances then I charge you that you should find for the plaintiff in such amount as you may find he has been thereby damaged."

This instruction is subjected to the same attack as was No. 18, and we shall not discuss that feature of the case further than to say it is not subject to the infirmities to which the Supreme Court directed its attention in *Miles* v. *State, supra,* and *Buchanan* v. *Morris, supra,* for in the instruction under consideration speed limits *prima facie* violative of the statute are not mentioned.

The appellant also insists that the portion of the

instruction beginning: "In every event, etc." relates only to those *entering* the highway, and the ■ instruction was, therefore, not applicable to issues or evidence. The instruction quotes from § 47-2004, Burns' 1940 Replacement. The statute plainly applies to those on or near, as well as those entering the highway and appellant's contention is, therefore, without merit.

The appellant's specific objections to appéllee's tendered Instruction No. 22, as made to the trial court, included several propositions which are not carried forward in his brief and supported by propositions, points and authorities and which, in fact, are not urged here. Under Rule 2-17 (f), 1943 Revision, we may not consider them. The objections which were so supported have already been discussed in connection with Instruction No. 18.

Appellee's tendered Instruction No. 7, given by the court, reads, insofar as now important, as follows:

"On the question of contributory negligence, the Court instructs you that the plaintiff was not required or bound to anticipate that the defendant in the use of the automobile in question would drive it at an unreasonable speed on the public highway in question . . . ."

In the absence of knowledge to the contrary, one lawfully using the highway has the right to assume that automobiles will not be run at an unlawful ■ or dangerous rate of speed, but that they will be operated at such a rate of speed and with such care as reasonable prudence requires, in view of all the conditions and circumstances. *Toenges* v. *Walter* (1941), 109 Ind. App. 41, 32 N. E. (2d) 95; *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369; *Kraning* v. *Bloxson, Admx.* (1937), 103 Ind. App. 660, 5 N. E.

(2d) 649, 9 N. E. (2d) 107. It is obvious that if this were not so, neither vehicles nor pedestrians could today make any headway upon the highways. But if the negligence of the driver is so apparent as to apprise another of the impending danger, it is the latter's duty to use the means at his command and exercise the care of an ordinarily prudent person similarly situated to avoid injury, and failing so to do he is guilty of contributory negligence. *Keltner* v. *Patton* (1933), 204 Ind. 550, 185 N. E. 270.

It will be observed that the instruction entirely omits the element of knowledge and the appellant insists that it invades the province of the jury, relieves the appellee of the use of due care, and that whether the appellee had such knowledge and was or was not bound to anticipate unreasonable speed on the part of appellant was a fact question which should have been submitted to the jury.

The boy had a right to walk on his left hand edge of the road. In so doing he was required to use the care reasonably to be expected of a boy of his age, knowledge, experience, etc., similarly placed and situated. He had a right to assume, until he had some notice to the contrary, that drivers of automobiles would use ordinary care to avoid injuring him. See *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. (2d) 330.

We have carefully considered the evidence and we can find none which would indicate that, *with knowledge to the contrary,* the appellee assumed and acted upon the assumption that the appellant would operate the car with reasonable prudence. It appears to us that after he became aware of the situation, he assumed the contrary, and did his best to avoid being struck and injured. The omission in the instruction of the element of knowledge was, therefore, in our opinion, not prejudicial to the appellant.

Appellant tendered Instruction No. 15, given by the court, based upon § 47-2033, Burns' 1940 Replacement, requiring a pedestrian crossing a roadway other than within a marked or unmarked crosswalk to yield the right of way to vehicles on the roadway, and it is claimed to be in conflict with No. 20 set out above. Instruction No. 15 was tendered by the appellant and No. 20 was tendered by the appellee. Each represents the theory of the party who tendered it. Under the evidence the giving of each was warranted and the court did not err in so doing. *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. (2d) 836.

Appellant's tendered Instruction No. 17, which was refused by the court, reads as follows:

"The laws of the State of Indiana provide that every motor vehicle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels.

"If you should find that the motor vehicle which the plaintiff was driving at the time of the collision complained of, was equipped with such brakes as a reasonably careful and prudent person would have deemed adequate to control the movement of and to stop and hold such vehicle, then I instruct you that defendant's motor vehicle was equipped with such brakes as are required by the laws of this state, and failure to have better brakes would not be negligence on the part of the defendant."

The foregoing instruction is based upon § 47-2228, Burns' 1940 Replacement. It is pointed out in *Turrell* v. *State* (1943), 221 Ind. 662, 51 N. E. (2d) 359, that the word "adequate," as used in the statute, is a relative term, and brakes adequate under one set of circumstances might not be adequate under others. As there said: "The statute must be construed as

requiring that brakes shall be in good working order and adequate for the particular type of vehicle in ordinary reasonable use on the highway."

It may well be, as contended by the appellant, that it would have been proper to give the jury such an explanation of the statute, if requested. But we █ find no such definition of the word "adequate" in the instruction tendered by the appellant. The statute fixes a mechanical standard for brakes, and not a standard of care, as the instruction would have told the jury. *Opple* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81. It was for the jury, and not the operator of the vehicle, to determine whether the brakes met the requirements of the statute. The instruction was properly refused.

When this case was tried the appellee was nine years and three months old. The appellee's Instruction No. 4½, given by the court, reads as follows:

"The evidence discloses the fact that the plaintiff was a little less than seven and one-half years of age at the time of the accident in question and that he is now a little less than nine years and three months of age. The statute of the State of Indiana provides that children under ten years of age shall not be competent as witnesses, unless it appears that they understand the nature and obligation of an oath. In the absence of any showing that the plaintiff in this case understands the nature and obligation of an oath he would not be a competent witness in this case and a failure to testify should not in any sense prejudice his case."

We shall consider it in connection with several tendered by the appellant and refused by the court which would have told the jury, in effect, that while it was the appellee's privilege not to testify, his failure to do so gives rise to the inference that, had he done so, his testimony would have been unfavorable to his cause.

It may be stated as a general rule that the unexplained failure of a party to testify concerning facts peculiarly within his knowledge may give rise to an inference that, had he testified, his testimony would have been unfavorable to his cause. *Bowes* v. *Lambert* (1944), 114 Ind. App. 364, 51 N. E. (2d) 83, 51 N. E. (2d) 897; *Empire Health, etc., Ins. Co.* v. *Purcell* (1921), 76 Ind. App. 551, 132 N. E. 664.

No such inference can result from the failure of a party to testify, however, where he is incompetent as a witness. 31 C. J. S. § 156d, p. 862. Section 2-1714, Burns' 1933, provides that children under ten years of age are not competent witnesses unless it appears that they understand the nature and obligation of an oath. Since it in no way appeared that the appellee understood the nature and obligation of an oath, his incompetency remained, he could not testify, and no inference unfavorable to him could arise from his failure to do so.

It is true that whether the appellee was, in fact, competent to testify as a witness was a question for the court, and not the jury, to determine. *Tyrrel* v. *State* (1912), 177 Ind. 14, 97 N. E. 14; *Taylor, etc.* v. *McGrath* (1894), 9 Ind. App. 30, 36 N. E. 163. While the instruction is not to be commended, on the record in this case the appellee was not competent to testify, and insofar as this instruction permitted the jury to speculate as to whether he was or was not competent, it was injurious to the appellee and not the appellant. For the reasons above stated, those on the same subject tendered by the appellant were properly refused.

By plaintiff's Instruction No. 5, given by the court, the jury was instructed as to the respective rights of

motorists and pedestrians on the highway. The ▆▆▆▆ appellant insists it was inapplicable to the issues and the evidence, it being his theory that the statute (§ 47-2033, Burns' 1940 Replacement), requiring a pedestrian crossing the roadway other than within a marked or unmarked crosswalk to yield the right of way to a vehicle, governed the situation here. We cannot agree. This does not seem to us to be a case where a pedestrian was undertaking to cross the roadway within the meaning of that section. In any event, under the issues and evidence in this case it was right and proper to instruct the jury as to the law governing vehicles and pedestrians on the open road.

The appellant lastly complains of the instructions as a whole, insisting they were prejudicially repetitious and argumentative; that they stressed portions of the evidence tending to show negligence on the part of the appellant; that they unduly stressed the measure of care required of a child of tender years; and that too many were mandatorily favorable to the appellee.

While frequent and unnecessary repetition of correct statements of law may sometimes be reversible error, the courts of this state are reluctant to reverse ▆▆▆ a judgment solely on that ground, and it is only in exceptionable cases, and when from the whole record the reviewing court cannot fairly say that a correct result was reached, that the principle will be applied. *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. (2d) 847. We feel that the court gave more instructions than were necessary, which fact naturally resulted in some unnecessary repetition, but we do not believe the instructions were prejudicially repetitious in this case nor that they were unduly favorable to the appellee. The case seems to us to have been fairly tried and to have resulted in a just verdict.

We find no error, and the judgment is therefore affirmed.

Bowen, J., not participating.

NOTE.—Reported in 69 N. E. (2d) 619.