## WALLACE v. HJELM.

[No. 20,604. Filed December 19, 1967. No Petition For Rehearing Filed.]

# 687

*Probst and Probst,* of Kendallville, for appellant.

*Merritt Diggins,* and *Emerick & Diggins,* of Kendallville, for appellee.

SMITH, J.—This appeal involves an action by the appellant against the appellee for damages arising out of personal injuries sustained in an automobile collision at an intersection of Noble County Highway No. 900 N. and 300 W.

Trial was by jury, which jury, after being instructed by the court and after answering interrogatories submitted by both the appellant and the appellee, returned a negative verdict in favor of the appellee; and a judgment was thereafter duly entered thereon.

Following the trial court's judgment, the appellant filed his motion for a new trial, which was overruled by the trial court, forming the basis of this appeal.

The appellant maintains that the trial court erred as follows:

In giving appellee's instruction number 20, as follows:

"I instruct you that in this case the violation of a statute prohibiting a particular act, or requiring a particular precaution, is negligence as a matter of law.

"So, in this case, if you find from a fair preponderance of the evidence that the plaintiff violated the provisions of any of the statutes involved in this case, he was guilty of contributory negligence as a matter of law. And if you further find from a fair preponderance of the evidence that plaintiff's violation of any such statute, if any, proximately caused the plaintiff's injury and resulting damages, if any, your verdict should be against the plaintiff on his complaint and for the defendant on such complaint."

The appellant claims that the instruction is erroneous because the violation of a statute is negligence as a matter of law only if there was no evidence of impossibility of compliance or an excuse for non-compliance.

The following questions were asked of the jury and answered as follows:

"INTERROGATORY: Did the collision of the motor vehicle occur east of the actual lines of the intersection of the two roadways identified as 300 West and 900 North?

ANSWER: Yes.

QUESTION. Was there a stop sign located on the East and West highway upon which plaintiff was traveling and just East of the intersection?

ANSWER: Yes.

QUESTION: If the answer to interrogatory No. 1 (the interrogatory immediately preceding this interrogatory in this motion for new trial) is in the affirmative, did plaintiff stop his said motor vehicle in obedience to such a stop sign?

ANSWER: No."

Further error is assigned by the appellant in that the above answers are inconsistent because the jury answered that the collision occurred east of the intersection. Therefore, they found that the appellant had not arrived at the intersection at the time of the collision, and yet also found that the appellant did not stop at the stop sign located east of the intersection.

The appellee argues that no error occurred in the giving of appellee's tendered instruction No. 20 for the reason that the evidence in the case at bar was devoid of any facts regarding excuse or impossibility of compliance by the appellant with any of the statutes involved. Also, the appellee urges that regardless of the correctness of Instruction No. 20, the same result would have been reached by the jury if they had been instructed concerning the issue of excuse for violation of a statute.

We are reticent to answer an argument based on contingencies when the facts, as found in the record, support the opposing view.

In a recent decision, our court held that violation of a statute was only prima facie evidence of negligence constituting a rebuttable presumption of negligence which could be rebutted by evidence of an excuse or impossibility of complying with the particular statute involved. *McCleary* v. *Mowery* (1967), 141 Ind. App. 672, 231 N. E. 2d 165. See also: *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896; *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, 179 N. E. 2d 571.

We are of the opinion that the trial court committed reversible error in the case at bar by giving the appellee's instruction number 20 without qualification. The violation of a statute does not create an irrebuttable presumption of negligence or contributory negligence as a matter of law, and this fact should be made clear to a jury by way of instruction to avoid the confusion which existed in the minds of the jurors in the present case.

It is our opinion that this case should be reversed with instructions to the trial court to grant the appellant's motion for a new trial.

Judgment reversed.

Cook, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 862.