## DAVISON v. WILLIAMS.

[No. 20,764. Filed March 26, 1968. Rehearing denied June 10, 1968.
Transfer granted December 4, 1968.]

*Robert W. Davis*, of Corydon, for appellant.
*James D. Williams*, of Corydon, for appellee.

COOPER, J.—This appeal is from an action below wherein the Appellee sought to recover damages in two paragraphs of complaint for personal injuries and property damages sustained by him in an automobile accident. The Appellee's complaint alleged that he had stopped his car on a three lane highway to permit a train to pass; that the highway was dry; that the weather was clear and that the Appellant drove his automobile into the rear of the Appellee's automobile whereby the Appellee suffered personal injury and property damage. The Appellant answered in two paragraphs of general denial.

After the issues were closed, the trial was had by jury which returned a verdict for the Appellee in the amount of seventy five hundred dollars. Judgment was entered on the verdict, and subsequently the Appellant filed his motion for a new trial, which said motion was overruled. The error assigned on appeal is the overruling of the motion for new trial.

The Appellant's motion for a new trial, omitting the caption and signature, reads as follows:

"The defendant in the above-entitled cause moves the court for a new trial herein on each of the following grounds;

"1. The damages assessed are excessive.

"2. Error in the assessment of the amount of recovery in this, that the amount is too large.

"3. The verdict of the jury is not sustained by sufficient evidence.

"4. The verdict of the jury is contrary to law.

"5. Error of law occurring at the trial, as follows:

"A. The court errored in refusing to give to the jury the request of the defendant each of the written instructions tendered and requested by the defendant and numbered six and eight.

"B. The court errored in giving to the jury at the request of the plaintiff each of the plaintiff's instructions numbered five, six and seven and to the giving of each of which instructions the defendant duly objected to each of said instructions after the court had indicated the instructions it would give to the jury."

The Appellant, as noted, first charges that the damages assessed are excessive. To warrant a reversal on this ground, it must appear that the verdict was so grossly and outrageously excessive as to induce the belief that it was the result of prejudice, partiality or corruption. *Larkins* v. *Kohlmeyer* (1950), 229 Ind. 391, 403, 98 N. E. 2d 896; *Swallow Coach Lines, Inc., et al.,* v. *Cosgrove* (1938), 214 Ind. 532, 15 N. E. 2d 92. The record which is now before us would not justify a reversal on that basis.

The Appellant's second alleged error in said motion for new trial is that there was error in the assessment of the amount of recovery, in that the amount was too large. The Appellant does not set out the jury's verdict or verdicts in his brief, but only sets out what appears to be the combined amount of judgment rendered on the verdict or verdicts as the case may have been.

Without searching the record, we cannot determine from the Appellant's brief the amounts of the respective verdicts of the jury as to personal injuries or as to property damages. We are not authorized to search the records to reverse a judgment. *Hayes* v. *Pennick* (1965), 137 Ind. App. 55, 204 N. E. 2d 882, 4 Ind. Dec. 697, and authorities cited therein.

The Appellant's third and fourth assignments in his motion for new trial which are, in substance, that the verdict is contrary to law and that the verdict is not sustained by sufficient evidence will be discussed together.

It appears that the Appellant herein in his argument is attempting to assert a defense of justification under his answers in general denial. I am of the opinion that the better practice would be to plead such a defense specially by an affirmative paragraph of answer. The reason is, the general rule follows the maxim, in the law, that the law looks to the proximate and not to the remote causes of injury. In Pomeroy, *Remedies*, third edition, Sec. 705, at page 767, in a discussion on actions for torts, I find the following statement: "nor can any defense of justification be proved unless specially pleaded." See also: *Hawke, et al.* v. *Maus* (1967), 141 Ind. App. 126, 226 N. E. 2d 713, 716, 10 Ind. Dec. 491.

When the sufficiency of the evidence is questioned on appeal, this court does not weigh the evidence, but reviews the record to see if there is any evidence or any reasonable or logical inference which may be drawn from the evidence, which if believed by the jury, would sustain

the verdict. *Gamble, et al.* v. *Lewis* (1949), 227 Ind. 455, 460, 85 N. E. 2d 629; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003.

Likewise the Appellant's charge that the verdict of the jury is contrary to law requires us to apply the rule of law applicable. Our Supreme Court in the case of *Pokraka, et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, states the rule, in substance, that we may consider only the evidence most favorable to the Appellee in a cause. It is only where the evidence is without conflict and can lead to but one conclusion and the trial court or jury has reached an opposite conclusion, that the decision of the trial court or the verdict of the jury will be set aside on the grounds that it is contrary to law. See also, *Hinds, Executor, of estate of Sickels, deceased* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; *A. S. C. Corporation* v. *First Nat'l. Bank of Elwood, et al.* (1960), 241 Ind. 19, 23, 167 N. E. 2d 460, and authorities cited therein.

By reason of what we have stated above, we cannot say as a matter of law that the verdict of the jury is not sustained by sufficient evidence or is contrary to law.

The Appellant's assigned error number 5A is the refusal of the trial court to give certain instructions requested by the Appellant, reading as follows:

"DEFENDANT'S INSTRUCTION NO. 6,

"A party suddenly in peril is not required to do that which after the peril is ended it is seen he might have done and escaped; the law makes allowances for lack of coolness in judgment incident to such peril. A person is not expected to exercise the coolness and forethought that an uninterested bystander might show; nor is he required to take the same precaution which it might appear afterwards might have avoided the injury. In this case if you find that Henry Davison was driving his car in a proper, prudent and careful manner and suddenly found that his foot brake had failed, the fact that he did not use his emergency brake does not necessarily constitute negligence upon his part un-

less you further find that he failed to exercise such care and diligence as a reasonably prudent and capable driver of an automobile would use under the unusual circumstances."

"DEFENDANT'S INSTRUCTION NO. 8,

"A person who is driving an automobile on the public highways is not bound to anticipate or foresee any mechanical failure on the part of his automobile unless he actually knew of the defective condition or could have discovered the same in the exercise of reasonable care. Therefore, if you find that the sole proximate cause of the collision in this case was caused by a failure of the brakes on the automobile of the defendant, and if you further find that the defendant did not know that the brakes on his automobile were defective or that he could not have discovered the defective condition by a reasonably careful inspection, your verdict must be for the defendant."

Since the Appellant herein has not deemed it necessary to set forth in his brief all the instructions given by the trial court, we are unable to say as a matter of law that the court erred in refusing to give the above instructions, as those requested instructions may have been covered by other instructions given by the Court. We will not search the record to reverse. Likewise this cause comes to us on appeal with the presumption that the cause was fairly tried, that the jury was properly instructed, and that the correct result was reached. The burden is always upon the Appellant to overthrow that presumption. *A. S. C. Corporation* v. *First National Bank, etc., supra; Souerdike* v. *State of Indiana,* (1952), 231 Ind. 204, 108 N. E. 2d 136, and other authorities cited therein.

It is not error to refuse to give a tendered instruction where the subject matter contained therein is fully covered or covered in substance by other instructions given. *Greenwalt* v. *State of Indiana* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Byrd* v. *State of Indiana* (1965), 246 Ind. 255, 204 N. E. 2d 651; *Beatty* v. *State of Indiana* (1963), 244 Ind. 598, 603, 194 N. E. 2d 727. Also the instructions given

in a case must be considered as a whole and with reference to each other, and not as isolated individual instructions. *Carter, et al.* v. *Aetna Life Insurance Co, et al.* (1940), 217 Ind. 282, 27 N. E. 2d 75; *Bain, Administratrix* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712; *City of Shelbyville* v. *Morton, etc.* (1965), 138 Ind. App. 460, 208 N. E. 2d 705.

Plaintiff-Appellee's instructions numbered 5, 6, and 7 which were given by the court and objected to by the Appellant read as follows:

"PLAINTIFF'S INSTRUCTION 5.

"There was at the time of the accident in controversy a statute of the State of Indiana in full force and effect providing that 'Every motor vehicle other than a motorcycle or motor-driven cycle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way they shall be so constructed that failure of any one part of the mechanism shall not leave the motor vehicle without brakes on at least two wheels.' If you find from the evidence that at the time of the accident in controversy the defendant was operating upon a public highway an automobile that was not equipped with brakes adequate to control its movement and to stop and hold it, including two separate means of applying such brakes, he was guilty of negligence as a matter of law and if as the proximate result thereof, the plaintiff was injured while in the exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained, but not to exceed the amount prayed for in the plaintiff's complaint."

"PLAINTIFF'S INSTRUCTION 6.

"There was also at the time of the accident in controversy, a statute of the State of Indiana in full force and effect providing that 'All brakes shall be maintained in good working order.' If you find from the evidence that at the time of the accident in controversy, the defendant was operating upon a public highway an automobile with brakes

which were not maintained in good working order he was guilty of negligence as a matter of law and if as the proximate result thereof the plaintiff was injured while in the exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained."

"PLAINTIFF'S INSTRUCTION 7.

"There was also at the time of the accident in controversy a statute of the State of Indiana in full force and effect providing that, 'Every motor vehicle or combination of vehicles, at all times and under all conditions of loading, shall, upon application of the service (foot) brake, be capable of decelerating and developing a braking force equivalent to such deceleration according to the minimum requirements set forth herein and also of stopping within the distances set forth herein. Passenger vehicles, not including busses, stopping distance in feet, 25; deceleration in feet per second, 17, and equivalent braking force in percentage of vehicle or combination weight, 53%. Compliance with standards set forth herein shall be determined either (1) by actual road tests conducted on a substantially level (not to exceed a plus or minus one per cent grade), dry, smooth, hard-surfaced road that is free from loose material, and with stopping distance measured from the actual instant breaking controls are moved and from an initial speed of 20 miles per hour, or (2) by suitable mechanical tests in a testing lane which recreates such same conditions, or (3) a combination of both methods.' If you find from the evidence that at the time of the accident in controversy, the defendant was operating upon a public highway an automobile that was not equipped with brakes meeting the requirements of the said statute, he was guilty of negligence as a matter of law and if as the proximate result thereof the plaintiff was injured while in the exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained."

The Appellant's objection to the three foregoing instructions is as follows:

"The defendant objects to the giving of plaintiff's Instruction Number five (six and seven) for the instruction is mandatory, and that it omits the element of defense of a mechanical failure of brakes, and that if the defense of mechanical brakes, failure of brakes, was the sole proxi-

mate cause, it would be a valid defense and therefore excusable."

Although the Appellant's objection is ambiguous and not clear, we presume that he meant that the instructions complained of did not contain the necessary elements relating to justification as a defense to the violation of the statutes set out in said instructions. We do not believe such a position is meritorious, because the Appellant was required, under our case law, if he desired a fuller statement of the law to be made, to have tendered such instructions as would have correctly expressed a more complete statement of the law. *City of Terre Haute* v. *Deckard* (1962), 243 Ind. 289, 183 N. E. 2d 815. See also cases in Sec. 55.18 Lowe's Revision of Works' Indiana Practice.

In Wiltrout, Indiana Practice, Sec. 1400, (5) Vol. 2, page 342, we also find the following statement: "A party cannot complain of an instruction given by the court which, although incomplete, is a correct statement of the law so far as it goes, where such party did not tender a more full instruction on the subject." See cases collected under citation number 14, on page 352.

For all of the foregoing reasons, the judgment of the court below is affirmed.

Carson, C. J., Prime, J. concur.

Faulconer, J., dissents with opinion.

### DISSENTING OPINION

FAULCONER, J.—I would reverse this cause for the giving by the trial court of Plaintiff-appellee's tendered instructions numbered 5 and 6 which, under the facts and circumstances of this case, was error in my opinion. My reasons are set forth later in this opinion. I first point out however that the majority opinion's reference to a defense of justification, and its summary disposal thereof, is not an issue on this appeal. Evidence concerning Defendant-appellant's brakes being re-

paired, in good working order, etc., was admitted without objection by Plaintiff-appellee and therefore was properly before the jury. This fact alone distinguishes this cause from the decision of *Hawke* v. *Maus* (1967), 226 N. E. 2d 713, 141 Ind. App. 126, 10 Ind. Dec. 491, cited in the majority opinion.

Also, in light of the 1967 revision of Rule 2-17, (e) and (f) of the Rules of the Supreme Court, I question the statement of the majority opinion that "Since the appellant herein has not deemed it necessary to set forth in his brief all the instructions given by the trial court, we are unable to say as a matter of law that the court erred in refusing to give the above instruction. . . ."

Plaintiff-appellee brought this action for damages for personal injuries allegedly sustained as a result of a rear end collision with an automobile driven by defendant-appellant. The facts pertinent to the issues involved reveal that as plaintiff-appellee was driving to work, it became necessary for him to stop his automobile on the traveled portion of the highway to wait on a train which was passing over the highway at that point. The defendant-appellant, who was traveling in the same direction as appellee, came around a curve in the highway and saw that appellee's automobile was stopped for the train. Appellant was traveling 25 miles per hour at this time. He applied his brakes approximately 25 to 30 feet behind the appellee's automobile and they held. When within 15 or 20 feet of appellee's automobile and traveling 15 to 20 miles per hour, appellant again applied the brakes to come to a complete stop. This time the brakes completely failed resulting in the rear end collision with appellee's automobile.

Trial was had by jury which rendered a verdict for the appellee in the sum of $7500.00. Appellant's motion for new trial was subsequently overruled, which action is assigned as error in this appeal. The specifications of the motion for new trial alleges: (1) damages are excessive (2) verdict of the jury is not sustained by sufficient evidence (3) verdict of the

jury is contrary to law (4) error in the giving of certain instructions requested by plaintiff-appellee and in refusing to give certain instructions tendered by the defendant-appellant.

The trial court gave, over appellant's objection, Instructions No. 5 and 6 tendered by the appellee which instructions read as follows:

"PLAINTIFF'S INSTRUCTION NO. 5.

"There was at the time of the accident in controversy a statute of the State of Indiana in full force and effect providing that 'Every motor vehicle, other than a motorcycle or motor-driven cycle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels.' If you find from the evidence that at the time of the accident in controversy the defendant was operating upon a public highway an automobile that was not equipped with brakes adequate to control its movement and to stop and hold it, including two separate means of applying such brakes, he was guilty of negligence as a matter of law and if as the proximate result thereof, the plaintiff was injured while in the exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained, but not to exceed the amount prayed for in Plaintiff's Complaint."

"PLAINTIFF'S INSTRUCTION NO. 6.

"There was also at the time of the accident in controversy, a statute of the State of Indiana in full force and effect providing that 'All brakes shall be maintained in good working order [. . .].' If you find from the evidence that at the time of the accident in controversy, the defendant was operating upon a public highway an automobile with brakes which were not maintained in good working order he was guilty of negligence as a matter of law and if as the proximate result thereof the plaintiff was injured while in the exercise of reasonable care himself, he is entitled to recover in this action such damages as you may find he has thereby sustained."

Appellee first contends that appellant's objections to the instructions were insufficient and therefore raise no question on appeal. I am of the opinion that although the objections could be more explicit, they are sufficiently specific to apprise the trial court of the reasons advanced by the appellant.

By specifications 4 and 5 of appellant's motion for new trial we are asked to determine whether a violation of the "brake" statute set forth in the instructions is negligence *per se* or only prima facie evidence of negligence.

In the decision of *Jenkins* v. *City of Fort Wayne* (1965), 139 Ind. App. 1, 210 N. E. 2d 390, 6 Ind. Dec. 425 (Transfer denied), this court held reversible error the giving of an instruction that the violation of a statute requiring a driver to yield the right-of-way to an authorized emergency vehicle was negligence *per se* where there was evidence from which the jury could find or reasonably infer an excuse for non-compliance or impossibility of compliance with such statute. As authority for our decision we quoted extensively from the decisions of the Supreme Court in *New York Central Railroad Co.* v. *Glad* (1962), 242 Ind. 450, 179 N. E. 2d 571, and *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896, and from the Appellate Court decision of *Neese* v. *Boatright* (1954), 124 Ind. App. 680, 118 N. E. 2d 510, (Transfer denied).

From the above I am of the opinion that there is no doubt that the law in Indiana is as follows: The violation of the provisions of a statute or ordinance in the operation of a motor vehicle on a public highway and which violation is the proximate cause of the injury, is negligence *per se,* or as a matter of law, unless there is sufficient evidence of probative value from which the court or jury could find, or reasonably infer, that compliance was impossible or non-compliance was excusable because of circumstances resulting from causes or things beyond the violator's control and in no way produced by his own negligence.

It is true that all but one of the above decisions expounding this rule of law deal with violations of so-called *"law of the road"* statutes and this case involves a so-called "equipment" statute. I can perceive of no reason why there should be a distinction. In my opinion the above rule is and should be applicable to all statutes concerning motor vehicles operated upon the public highways. Dean Foust in an interesting and well-reasoned article, *The Use of Criminal Law as a Standard of Civil Responsibility in Indiana,* 35 Ind. L. J. 45, (1959-60), traces the history of negligence for violation of a criminal statute and states at page 55:

> "This suggestion that rules of the road are flexible and equipment rules inflexible has not been pursued in later cases. A late decision of the Appellate Court indicates that the 'excuse' or 'prima facie negligence' exception has devoured the negligence per se rule in motor vehicle cases and that impression is fortified by a recent Supreme Court opinion."

And at page 56:

> "To date neither economic protection for a certain social group or against certain hazards, nor likelihood of injury from violation of the statute appear as reasons for maintaining a difference between negligence per se and 'prima facie' negligence."

Appellee relies strongly on the decision of this court in *Rentschler* v. *Hall* (1946), 117 Ind. App. 255, 69 N. E. 2d 619, in which was held that a violation of Burns' § 47-2228 was negligence *per se.* The only evidence referred to in that decision concerning brakes was that the driver of the automobile "tried to apply the brakes which resulted in causing her automobile to swerve back and forth two or three times from one side of the road to the other." The court referring to the decision of *Conder* v. *Griffith* (1915), 61 Ind. App. 218, 111 N. E. 816, stated at page 263 of 117 Ind. App.:

> "We there recognized that there may be facts and circumstances in a particular case which would excuse a technical violation of an ordinance or statute, and render it improper

for the court to declare as a matter of law that such violation constitutes actionable negligence. We there held that under the facts in that case the jury should have been permitted to determine whether the defendant had a reasonable excuse for driving on the left side of the road, and whether in so doing he exercised reasonable and ordinary care for the safety of others. The principle therein announced was recognized by our Supreme Court in *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944."

The court went on to state in the *Rentschler* decision at page 264 of 117 Ind. App.:

"There were no facts or circumstances in evidence tending to show a technical violation of the statute or tending to excuse such a violation, and therefore, no occasion to submit to the jury the question as to whether the appellant had a reasonable excuse for violating it. We believe, as said in *Conder* v. *Griffith, supra,* that the rule announced in that case is a reasonable one and will tend to promote justice and the practical enforcement of the spirit and purpose of such statutes and ordinances, but that rule has no application to the case at bar."

I am of the opinion that the above quotations explain the reason for the conclusion reached in the *Rentschler* case and a careful reading convinces me that the *Rentschler* decision recognizes the "excuse-impossibility" doctrine set forth in the *Conder* case but determined it was not applicable to the facts in the cause before it.

In his article Dean Foust commenting on the *Rentschler* case stated at page 55, that "The Appellate court, by dictum, approved the *Conder* rule and further stated the Supreme Court likewise approved it. This position, while not specifically defined by the Courts, treated the violation as presumptive rather than conclusive of negligence."

In *Northern Ind. Transit. Inc.* v. *Burk* (1950), 228 Ind. 162, 174, 89 N. E. 2d 905, (Transfer denied), our Supreme Court held that stopping a bus in violation of Burns' § 47-2123 was negligence as a matter of law for the reason that "no excuse is shown by the evidence in this case." However, in that

opinion Judge Emmert stated, at page 172 of 228 Ind., that "It has been held that the violation of statutory requirements as to lights, flares, reflectors and brakes creates an absolute duty and constitutes negligence *per se.*" Footnote 4 to this statement reads as follows:

"Flares: *Gerlot* v. *Swartz* (1937), 212 Ind. 292, 7 N. E. 2d 960; *Winder & Son, Inc.* v. *Blaine* (1940), 218 Ind. 68, 29 N. E. 2d 987, Lights: *Gerlot* v. *Swartz, supra*; *Associated Truck Lines* v. *Velthouse* (1949), 227 Ind. 139, 84 N. E. 2d 54; *Northwestern Transit, Inc.* v. *Wagner* (1945), 223 Ind. 447, 61 N. E. 2d 591, Brakes: *Rentschler* v. *Hall* (1946), 117 Ind. App. 255, 69 N. E. 2d 619, Reflector on bicycle: *Beckstein* v. *Sayler, Admr.* (1932), 93 Ind. App. 686, 179 N. E. 581."

In the *Gerlot* case the Supreme Court, at page 302 of 212 Ind., page 965 of 7 N. E. 2d, stated:

"While § 47-526, Burns' Ind. St. 1933, is mandatory, and places a positive duty upon the operator of all motor vehicles coming within its provisions to place flares as therein stated, yet it is clear the statute also contemplates that the operator shall be given a reasonable time to comply with its provisions. But § 47-504 Burns' St. 1933, Acts 1925, Ch. 213, § 28, p. 570, fixes a standard of duty upon operators of motor vehicles as to tail lights and a violation of this statute is negligence per se."

It is of interest that the court in that decision had no evidence before it of an excuse or impossibility of compliance and held only that, by its general verdict, the jury found that appellant had no light or flares.

In the *Winder* case, wherein the Supreme Court held violation of flare statute negligence *per se,* there was not only no evidence of excuse or impossibility, but undisputed evidence that the truck driver had flares but didn't use them and left the truck without any lights.

In the *Associated Truck Lines* case, again, there is no indication that any evidence was introduced concerning excuse or impossibility and the court merely stated that the

evidence was sufficient to establish that the truck driver kept his truck on a highway without lights in violation of statute and approved an instruction that if the jury so found this would constitute negligence.

There was no instruction involved in the *Northwestern Transit* case and the court merely held that the evidence supported the verdict of violation of the flare statute. Again, there was apparently no evidence of excuse or impossibility admitted or offered.

This court in the *Beckstein* case stated, without citing authority, that it would be negligence *per se* not to have a bicycle equipped with a reflector as required by Acts 1927, ch. 110, § 3049.6 p. 289, but went on to hold that the failure was not the proximate cause of the injury.

It is apparent from a careful reading of the above decisions that, although they contain general statements that violation of certain statutes are negligence *per se*, the facts reveal that no evidence of excuse or impossibility was admitted or offered.

"The doctrine of negligence per se purports to dictate an inflexible application of the legislature criminal standard of conduct to a civil case when the legislature has not attempted any legislation to govern tort trials." *The Relation of Criminal Statutes to Tort Liability,* Morris, 46 Harv. L. Rev. 453, 473 (1932-33).

In two recent decisions by the Second Division of this court involving "brake failure" it was held that violation of these statutes was not negligence *per se. McCleary v. Mowery* (1967), 141 Ind. App. 672, 231 N. E. 2d 165; 12 Ind. Dec. 126. *Wallace v. Hjelm* (1967), 141 Ind. App. 686, 231 N. E. 2d 862, 12 Ind. Dec. 260. See also: *Dayton v. Palmer* (1965), 1 Ariz. App. 184, 400 P. 2d 855.

I am therefore of the opinion that since there was evidence from which the jury could find or reasonably infer an excuse for non-compliance or that compliance was impossible under § 47-2228 (a) and (b), Burns' 1965 Replacement, it was

reversible error to instruct the jury that if they found appellant violated such statutes he was guilty of negligence as a matter of law. Under the facts and circumstances of this case the violation was only prima facie evidence of negligence, "subject to being overcome by proof to the contrary, and the jury should be so instructed. The duty of coming forward with evidence to sustain such a defense is upon the operator of the vehicle." *Larkins* v. *Kohlmeyer, supra,* (1951), 229 Ind. 391, 400, 401, 98 N. E. 2d 896, See also: *Lochmoeller* v. *Kiel* (Mo. App. 1940), 137 S. W. 2d 625.

In addition to objecting to plaintiff-appellee's instructions set forth above the defendant-appellant tendered instructions concerning this issue which were refused. I am of the opinion appellant was entitled to have the jury instructed on his theory of defense.

I would reverse the judgment with instructions to grant appellant's motion for new trial.

NOTE.—Reported in 235 N. E. 2d 90. Transfer granted 242 N. E. 2d 101.